**Roy SHEPHERD, Appellant–Defendant,**

v.

**Sarah H. CARLIN, Appellee–Plaintiff.**

No. 22A01–0402–CV–95.

Court of Appeals of Indiana.

Aug. 24, 2004.

---

Eric D. Johnson, Jennifer M. Herrmann, Kightlinger & Gray, LLP, Indianapolis, IN, Attorneys for Appellant.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Karl Truman, Jeffersonville, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Appellant-defendant Roy Shepherd appeals the trial court's award of $1.00 in attorney's fees, costs, and expenses pursuant to Indiana Code Section 34–50–1–6. We reverse and remand.

### Issue

We restate the issue Shepherd presents as whether a trial court has discretion to enter a nominal award of attorney's fees, costs, and expenses under Indiana Code Section 34–50–1–6.

### Facts and Procedural History

On November 29, 2001, appellee-plaintiff Sarah H. Carlin filed suit against Shepherd. On April 21, 2003, Shepherd mailed the following qualified offer of settlement to Carlin:

> Comes now the Defendant, Roy Lee Shepherd, by counsel and submits this Qualified Offer of Settlement. The Defendant offers One Thousand Three Hundred Sixty Six and 50/100 Dollars ($1,366.50) as a full and final settlement of any and all potential and/or existing claims the Plaintiff has against the Defendant arising out of the automobile collision which is the subject matter of this litigation.
>
> .... This Qualified Offer of Settlement should serve to revoke any and all other prior offers of any kind made by the Defendant and/or his representative.
>
> If this offer is accepted, the amount of the offer will be paid within 60 days.

Appellant's App. at 20. Carlin did not accept Shepherd's settlement offer.

On September 25, 2003, a jury found in favor of Carlin and assessed her fault at 50%, thereby reducing the $716.50 verdict to $358.25. The trial court entered judgment on the verdict. On October 8, 2003, Shepherd filed a motion for an award of attorney's fees, costs, and expenses and an accompanying affidavit. The motion reads as follows:

> Comes defendant, Roy Shepherd, by counsel, and moves the Court for an award of attorney's fees, costs and expenses, pursuant to I.C. 34–50–1–6. In

support of this Motion, defendant states as follows:

1. On April 21st, 2003, the defendant extended to the plaintiff a Qualified Settlement Offer in the sum of $1,366.50....

2. The case was tried before a jury on September 23, 24 and 25, 2003, and at the conclusion of the evidence, the jury returned a verdict for the plaintiff which, after fault was apportioned, was in the net amount of $358.25....

3. The undersigned attorney verifies that since April 21st, 2003 through September 22, 2003, attorney's fees, costs and expenses for this matter total $3,487.39. This amount does not include any fees for trial preparation or the actual attendance at trial, but still is in excess of the maximum allowable pursuant to I.C. 34–50–1–6, which maximum amount is $1,000.00.

WHEREFORE, defendant, Roy Shepherd, by counsel, moves this Court for an order awarding attorney's fees, costs and expenses pursuant to I.C. 34–50–1–6 in the amount of $1,000.00.

*Id.* at 16–17. On November 26, 2003, the trial court entered an order granting Shepherd's motion and awarding him $1.00 in attorney's fees, costs, and expenses. Shepherd filed a motion to correct error, which the trial court denied. Shepherd now appeals.

### Discussion and Decision[1]

██ Indiana Code Section 34–50–1–6 provides:

(a) If:

(1) a recipient does not accept a qualified settlement offer; and

(2) the final judgment is less favorable to the recipient than the terms of the qualified settlement offer;

the court shall award attorney's fees, costs, and expenses to the offeror upon the offeror's motion.

(b) An award of attorney's fees, costs, and expenses under this section must consist of attorney's fees at a rate of not more than one hundred dollars ($100)

---

1. In her appellee's brief, Carlin quotes the following exchange from the hearing on Shepherd's motion for attorney's fees to support her contention that Shepherd invited any error in the trial court's award: "[T]he trial court said that 'I believe the amount is discretionary with the Court it just cannot exceed $1,000.00.' The response of appellant's attorney was 'It cannot exceed $1,000.00[.]'" Appellee's Br. at 3. In his reply brief, Shepherd quotes the following excerpt from the hearing:

[SHEPHERD'S COUNSEL]: Your honor, we did make a qualified settlement offer on April 21st and it was for $1366.50 and you just recited the verdict was for an amount less than that. I filed an affidavit showing what our fees, costs and expenses were from April 21st to September 22nd which is before the trial. **And pursuant to the statute, 34–50–1–6, I believe that an award of fees and costs is not discretionary but mandatory,** so we are asking for fees and costs of $1,000.00 pursuant to that statute.

Appellant's Reply Br. at 3 (quoting Appellant's Supp.App. at 3) (emphasis in brief). Based on this excerpt, Shepherd characterizes Carlin's "invited error" argument as frivolous and in bad faith and requests an award of appellate fees, costs, and expenses under Indiana Appellate Rule 66(E). *See* Ind. Appellate Rule 66(E) ("The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the court's discretion and may include attorneys' fees. The Court shall remand the case for execution.").

We admonish Carlin's counsel for taking opposing counsel's remark out of context and for mischaracterizing her interpretation of the statute. Nevertheless, we believe that the remainder of Carlin's argument is sufficiently meritorious to preclude an award of appellate fees pursuant to Appellate Rule 66(E). We remind Carlin's counsel of their duty of candor toward the tribunal under Indiana Professional Conduct Rule 3.3.

per hour and other costs and expenses incurred by the offeror after the date of the qualified settlement offer. However, the award of attorney's fees, costs, and expenses may not total more than one thousand dollars ($1,000).

(c) A motion for an award of attorney's fees, costs, and expenses under this section must be filed not more than thirty (30) days after entry of judgment. The motion must be accompanied by an affidavit of the offeror or the offeror's attorney establishing the amount of the attorney's fees and other costs and expenses incurred by the offeror after the date of the qualified settlement offer. The affidavit constitutes prima facie proof of the reasonableness of the amount.

(d) Where appropriate, the court may order a judgment entered against the offeror and in favor of the recipient reduced by the amount of attorney's fees, costs, and expenses awarded to the offeror under this section (or IC 34-4-44.6-8 before its repeal).

Shepherd contends that in light of the undisputed evidence that he incurred more than $1,000 in attorney's fees, costs, and expenses after the date of his qualified settlement offer, the trial court had no discretion to award him only $1.00.

This case involves a question of statutory interpretation. We note that

[t]he interpretation of a statute is a question of law reserved for the courts. Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation.

*Spears v. Brennan,* 745 N.E.2d 862, 869 (Ind.Ct.App.2001) (citations omitted). We further note that

[t]he primary goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute. It is just as important to recognize what the statute does not say as it is to recognize what it does say.

*Bailey v. Holliday,* 806 N.E.2d 6, 10 (Ind. Ct.App.2004) (citations omitted).

■■■ Finally, with respect to the statute at issue, we observe that "Indiana adheres to the 'American Rule' with respect to the payment of attorney fees and requires that parties pay their own attorney fees absent an agreement between the parties, statutory authority, or rule to the contrary." *Courter v. Fugitt,* 714 N.E.2d 1129, 1132 (Ind.Ct.App.1999). As such, Indiana Code Section 34-50-1-6 is in derogation of the common law and therefore must be strictly construed. *Id.*

■■ "When the word 'shall' appears in a statute, it is construed as mandatory rather than directory unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning. The term 'must' carries with it the same meaning." *Romine v. Gagle,* 782 N.E.2d 369, 379-80 (Ind.Ct. App.2003) (citations and internal quotation marks omitted), *trans. denied,* Shepherd points to "shall" in subsection (a) and "must" in subsection (b) of Indiana Code Section 34-50-1-6 and asserts that "there is nothing in the statute that permits the trial court to award less than $1,000 when the facts require such an award." Appellant's Br. at 8.

We agree.[2] Subsection (a) requires a trial court to award attorney's fees, costs, and expenses to the offeror upon the offeror's motion. More specifically, subsection

2. Carlin contends that Shepherd's "interpretation of the statute would allow a defendant

(b) provides that an award *"must consist of attorney's fees* at a rate of not more than one hundred dollars ($100) per hour *and other costs and expenses incurred by the offeror* after the date of the qualified settlement offer" but may not total more than $1,000. (Emphases added.) As the emphasized language makes clear, the trial court is required to award the attorney's fees, costs, and expenses actually incurred by the offeror. Put another way, the trial court does not have discretion to enter a nominal award.

■ Here, Shepherd filed a motion for attorney's fees, costs, and expenses within the requisite thirty days after judgment and submitted the requisite affidavit establishing that he had incurred $3,487.39 in such fees, costs, and expenses after the date of the qualified settlement offer. Given that Carlin did not challenge the reasonableness of this amount, we conclude that the trial court erred in awarding Shepherd less than $1,000. *See* Ind.Code § 34–50–1–6(c) ("The affidavit constitutes prima facie proof of the reasonableness of the amount."). We therefore reverse and remand with instructions to award Shepherd $1,000 in attorney's fees, costs, and expenses.

Reversed and remanded.

BAKER, J., and BARNES, J., concur.

to make a token offer of settlement in a case where there is a good faith dispute about the existence of liability or the amount of damages and recover a mandatory award of $1,000 in costs and fees if he prevailed at trial." Appellee's Br. at 10. Be that as it may, we agree with Shepherd's observation that in this era of congested dockets, the legislature intended to force litigants, "especially litigants with claims that are small, to make rational valuations of their cases, rather than clogging our judicial system with small cases that could and should be settled." Appellant's Reply Br. at 7. It seems unlikely that the statute's $1,000 cap would deter plaintiffs from going to trial in cases where the defendant's potential exposure is large and the issues of liability and damages are genuinely in dispute. In any event, Shepherd's settlement offer cannot be considered "token," given that it was four times greater than the net verdict.