Melissa Lynn GABBARD,
Appellant–Defendant,

v.

Gerald DENNIS, Appellee–Plaintiff.

No. 10A05–0406–CV–311.

Court of Appeals of Indiana.

Jan. 28, 2005.

Kenneth G. Doane, Jr., Ward, Tyler & Scott, LLC, New Albany, IN, Attorney for Appellant.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Melissa Lynn Gabbard appeals the trial court's denial of her motion for an award for attorney's fees, costs, and expenses pursuant to Indiana Code § 34–50–1–6 after she had made a timely qualified settlement offer to Gerald Dennis in Dennis' personal injury action against her and a jury had returned a verdict in her favor.

We reverse and remand with instructions.

*ISSUE*

Whether the trial court erred in denying Gabbard's motion.

*FACTS*

On August 11, 2000, Dennis filed a complaint alleging that he had suffered injuries in a motor vehicle collision resulting from the negligence of Gabbard. On August 29, 2000, Gabbard sent Dennis a qualified settlement offer in the amount of $2,500.00 "as full and final settlement to resolve all claims and defenses at issue between" Dennis and Gabbard.[1] (App.91). Dennis refused the offer.

Subsequently, Gabbard filed her answer; three pretrial conferences were held; depositions of two doctors were conducted; witness and exhibits lists were filed; and a jury trial was held over the course of two days as reflected in the trial court's CCS. On May 29, 2003, the jury returned a verdict for Gabbard and against Dennis.

On June 27, 2003, Gabbard filed a motion for attorney's fees, costs and expenses and attached a copy of the qualified settlement offer. Gabbard asserted that she timely[2] made the qualified settlement offer to Dennis, which he rejected; that after a two-day trial, the jury found in her favor and awarded no damages to Dennis; that pursuant to Indiana Code § 34–50–1–6, she was entitled to an award of "not ... more than one thousand dollars ($1,000.00)"; and that the attached affidavit of her counsel "establish[ed] the amount of attorney fees and other costs and expenses incurred ... after the date of the qualified offer." (App.90). The attached affidavit of Gabbard's counsel stated that pursuant to the qualified settlement offer statute, he was averring that the fees "greatly exceed[ed] one-thousand

---

1. The receipt shows that the offer was served on Dennis' counsel on August 30, 2000.

2. The qualified settlement offer "may not be made less than thirty (30) days before a trial of the action." I.C. § 34–50–1–2.

dollars ($1,000.00)" in order "to establish the amount of attorneys' fees and other costs and expenses incurred" by Gabbard." (App.95).

On June 30, 2003, the trial court granted Gabbard's motion and ordered Dennis to pay the sum of $1,000.00. On July 7, 2003, Dennis filed his response to Gabbard's motion for the award of attorney's fees, arguing *inter alia* that the affidavit of Gabbard's attorney was "insufficient" to establish attorney's fees, costs and expenses because the statute required the affidavit to reflect "an itemized billing." (Tr. 85). On September 15, 2003, Dennis filed a motion to reconsider, asking the trial court to "examine" the response he had filed on July 7, 2003. (Tr. 83).

On December 11, 2003, the trial court heard the parties' arguments. Dennis conceded that "a qualified offer . . . was sent" to him by Gabbard on August 29, 2000, and that he "received zero in [a] jury trial." (App.74, 75). However, Dennis argued that the counsel's affidavit regarding Gabbard's attorney's fees "doesn't set out time records, does not set out any kind of detail itemization for the Court." (App.76). Gabbard's counsel responded that the statute only sets a maximum award of $1,000, with a maximum hourly of $100 for attorney's fees, and his affidavit was made "as an officer of the Court." (App.78). Gabbard's counsel then proceeded to review the various legal tasks he had undertaken for Gabbard before trial and argued that "fees for the two days of jury trial alone were over $1,500.00" at an hourly rate of $100. *Id.*

On January 5, 2004, the trial court issued an order granting Dennis' motion to set aside the order to pay $1,000.00 to Gabbard for attorney's fees, costs and expenses. The order did not indicate the basis therefor.

On February 5, 2004, Gabbard filed a motion to correct error, alleging that the trial court erred when it failed to take judicial notice of the litigation activity, including a two-day jury trial, and failed to afford appropriate weight to the unrebutted affidavit of Gabbard's counsel. A hearing was held on May 10, 2004, wherein Gabbard argued that the statute does not require the attorney's time to be "detailed in the affidavit" and that the statute specifically states "that the affidavit constitutes prima facie proof of the reasonableness of the amount." (App.62). The trial court denied Gabbard's motion.

## DECISION

At the outset, we note that Dennis has not filed an appellee's brief. When the appellee fails to submit a brief, we do not undertake the burden of developing arguments as that burden remains with the appellee. *Parkhurst v. Van Winkle,* 786 N.E.2d 1159, 1160 (Ind.Ct.App.2003). Accordingly, we apply a less stringent standard of review, and we may reverse the trial court when the appellant establishes prima facie error. *Id.* In this context, "prima facie error" is defined as error " 'at first sight, on first appearance, or on the face of it.' " *Id.* (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App. 1985)).

Gabbard asserts that because the award of attorney's fees is pursuant to a statutory provision, the matter is one of statutory interpretation and our review is de novo. *See Parkhurst,* 786 N.E.2d at 1160 (when issue is "the interpretation of a statute, we review the trial court's legal conclusions de novo."). We cannot entirely agree. The trial court's order reveals no interpretation of a statute; it is written as a general judgment. Further, Gabbard bore the burden of establishing her entitle-

ment to an award of attorney's fees. Therefore, the judgment is a negative one as to Gabbard. Where a party who bore the burden of proof appeals a negative judgment, he will prevail only if he establishes that the judgment is contrary to law. *Clark v. Crowe,* 778 N.E.2d 835, 839 (Ind. Ct.App.2002). A judgment is contrary to law when the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to only one conclusion, but the trial court reached a different conclusion. *Id.* The matter before us is a mixed question of fact and law, and we undertake our review accordingly.

The qualified settlement offer statute provides as follows:

(a) If:

(1) a recipient does not accept a qualified settlement offer; and

(2) the final judgment is less favorable to the recipient than the terms of the qualified settlement offer;

the court shall award attorney's fees, costs, and expenses to the offeror upon the offeror's motion.

(b) An award of attorney's fees, costs, and expenses under this section must consist of attorney's fees at a rate of not more than one hundred dollars ($100) per hour and other costs and expenses incurred by the offeror after the date of the qualified offer. However, the award of attorney's fees, costs, and expenses may not total more than one thousand dollars ($1,000).

(c) A motion for an award of attorney's fees, costs, and expenses under this section must be filed not more than thirty

(30) days after entry of judgment. The motion must be accompanied by an affidavit of the offeror or the offeror's attorney establishing the amount of the attorney's fees and other costs and expenses incurred by the offeror after the date of the qualified settlement offer. The affidavit constitutes prima facie proof of the reasonableness of the amount.

I.C. § 34–50–1–6(a)–(c).

In *Shepherd v. Carlin,* 813 N.E.2d 1200 (Ind.Ct.App.2004), the plaintiff's judgment after a jury trial was $358.25. Based on his earlier qualified settlement offer in the amount of $1,366.50, the defendant then submitted a timely motion for "an award of attorney's fees, costs, and expenses and an accompanying affidavit." [3] *Id.* at 1201. The motion stated that the "undersigned attorney verifie[d] that ... attorney's fees, costs and expenses" after the date of the qualified settlement offer totaled $3,487.39, and asked for an award pursuant to the qualified settlement offer statute "in the amount of $1,000.00." *Id.* at 1202. The trial court entered an order granting the defendant's motion but granting him only $1.00 in attorney's fees, costs, and expenses.

■ We turned to the statute, and observed that it used the word "shall." [4] "When the word 'shall' appears in a statute, it is construed as mandatory rather than directory unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning." 813 N.E.2d at 1203. We further noted the use of the word "must," [5]

---

3. The affidavit itself is neither quoted nor further discussed in the opinion.

4. "If a recipient does not accept a qualified settlement offer; and the final judgment is less favorable ...; the court *shall* award attorney's fees, costs, and expenses to the offer-

or upon the offeror's motion." I.C. § 34–50–1–6(a) (emphasis added).

5. "An award of attorney fees, costs, and expenses under this section *must* consist of attorney's fees at a rate of...." I.C. § 34–50–1–6(b) (emphasis added). Further, "[a] motion

and that "[t]he term 'must' carries with it the same meaning." *Id.* Accordingly, we held that the statute requires the trial court "to award the attorney's fees, costs, and expenses actually incurred by the offeror," up to the $1,000 limit, and "the trial court does not have discretion to enter a nominal award." *Id.* at 204. Therefore, we reversed and remanded, with instruction for the trial court to enter an award of $1,000 in attorney's fees, costs, and expenses.

Dennis conceded that Gabbard's offer of August 29, 2000 was a qualified settlement offer that complied with the statute. Thus, we turn to the question of whether the evidence before the trial court required it to grant Gabbard an award of $1,000 in attorney's fees, costs and expenses.

▆ As quoted above, the statute states that the motion for an award thereunder "*must* be accompanied by an affidavit of the offeror or the offeror's attorney *establishing* the amount of the attorney's fees and other costs and expenses incurred by the offeror after the date of the qualified settlement offer." I.C. § 34–50–1–6(c) (emphasis added). The affidavit of Gabbard's counsel simply asserted that "the amount of attorneys' fees from the date of [her qualified settlement] offer to present greatly exceed[ed] one-thousand dollars ($1,000.00)." (App.95). The affidavit does not state counsel's hourly rate; it gives no indication of the time spent or the tasks performed during the specified period. Gabbard's motion refers to the dates of the jury trial, but counsel's affidavit does not attest to the actual time or hours spent representing Gabbard at trial. Further, the motion does not ask that the trial court take judicial notice of its docket as to the pretrial proceedings at which Gabbard's counsel appeared or the representative tasks undertaken at the trial itself. Given that the statute imposes upon Gabbard the burden of establishing her attorney fees in order to warrant an award, we find the evidence she initially presented to the trial court to be minimal at best.[6]

▆ However, at the hearing on Dennis' motion to set aside the award, Gabbard's counsel expressly reviewed the various tasks undertaken in his representation and reminded the trial court that the representation had included a two-day jury trial, wherein the jury returned a verdict in favor of Gabbard, his client.[7] Also, at the hearing on her motion to correct error, Gabbard asked the trial court to take judicial notice of the litigation activity involved in this case. Moreover, Gabbard directed the trial court's attention to the fact that the statute provides that the attorney's affidavit as to fees "constitutes prima facie proof of the reasonableness of the amount." I.C. § 34–50–1–6(c). We note that Dennis did not contest or suggest that Gabbard's counsel's representation in a two-day jury trial was ineffective or so inadequate as to not warrant an award of $1,000 in reasonable attorney's fees, costs, and expenses.

▆ Finally, as we noted in *Shepherd*, "It is just as important to recognize what the statute does not say as it is to recognize what it does say." 813 N.E.2d at

for an award of attorney's fees ... *must* be accompanied by an affidavit of the offeror or the offeror's attorney...." I.C. § 34–50–1–6(c) (emphasis added).

6. Essentially, we find counsel's proffered affidavit inadequate for the purpose of "establishing the amount of attorney's fees and other costs and expenses incurred...." I.C. § 34–50–1–6(c).

7. Dennis did not challenge the assertion to the trial court suggesting that this entailed a period of fifteen hours.

1203. The statute does not mandate that certain facts be contained in an affidavit in order to establish reasonable attorney's fees, costs, and expenses for the purpose of an award thereunder. The affidavit of Gabbard's counsel stated that her representation "greatly exceed[ed]" the statutory maximum of $1,000. (App.95). The court's own record clearly reflects that counsel's representation of Gabbard required a significant amount of time and expense.[8] Dennis did not challenge the prima facie proof presented by Gabbard's counsel showing that she had incurred attorney's fees, costs, and expenses in excess of $1,000. Given the language of the statute and the overwhelming evidence in the record before us, we can find no basis upon which the trial court could properly have denied Gabbard's motion. Accordingly, based upon the facts herein, we find that it was an abuse of discretion and contrary to law for the trial court to have not awarded Gabbard $1,000 for attorney's fees, costs, and expenses.

We reverse and remand with instruction to the trial court to enter an award to Gabbard in the amount of $1,000 for attorney's fees, costs, and expenses.

FRIEDLANDER, J., and MATHIAS, J., concur.

---

8. Specifically, the CCS shows not only the three pretrial conferences and two depositions noted above, but that Gabbard's counsel also filed five motions, tendered eight other filings, and attended two other hearings and a discovery conference.