Danielle M. VASQUEZ, Appellant–
Defendant,

v.

Roshawn PHILLIPS, Ebony Williams
b/n/f Roshawn Phillips, Ashley Phil-
lips b/n/f Roshawn Phillips, Tevin
Phillips b/n/f Roshawn Phillips,
Johntrell Bowles b/n/f Roshawn Phil-
lips, and Jasmine Bowles b/n/f Ro-
shawn Phillips, Appellees–Plaintiffs.

No. 45A04–0507–CV–423.

Court of Appeals of Indiana.

Feb. 28, 2006.

Garrett V. Conover, Bokota Ehrhardt McCloskey Wilson & Conover, P.C., Merrillville, for Appellant.

Kevin C. Smith, Rubino, Ruman, Crosmer, Cerven, Smith & Sersic, Dyer, for Appellees.

Mark A. Scott, King & Scott, LLP, Kokomo, for Amicus Curiae the Indiana Trial Lawyers Association.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Danielle M. Vasquez ("Vasquez") challenges an award of attorney fees in favor of Appellees–Plaintiffs Roshawn Phillips ("Roshawn"), Ebony Williams b/n/f Roshawn Phillips ("Ebony"), Ashley Phillips b/n/f Roshawn Phillips ("Ashley"), Tevin Phillips b/n/f Roshawn Phillips ("Tevin"), Johntrell Bowles b/n/f Roshawn Phillips ("Johntrell"), and Jasmine Bowles b/n/f Roshawn Phillips ("Jasmine") (collectively, "the Phillips"). We affirm in part, reverse in part, and remand.

### Issues

Vasquez presents three issues for review, which we consolidate and restate as two:

I.    Whether the trial court properly interpreted Indiana Code Section 34–50–1–6 to provide for attorney fees for each party who extended a qualified settlement offer; and

II.    Whether the evidence supports an award of $6,000.00 in attorney fees.

### Facts and Procedural History

On February 6, 2004, Roshawn was in her vehicle, parked on a residential street. Her five children, Ebony, Ashley, Tevin, Johntrell and Jasmine, were passengers in the vehicle. Vasquez backed her vehicle out of a driveway and struck the Phillips' vehicle.

On June 16, 2004, the Phillips filed their complaint against Vasquez in the Lake Superior Court, County Division. On December 1, 2004, the Phillips made the following six qualified settlement offers to Vasquez, pursuant to Indiana Code Section 34–50–1–6:

| | |
|---|---|
| Roshawn | $950.00 |
| Johntrell | $300.00 |
| Ebony | $300.00 |
| Ashley | $200.00 |
| Jasmine | $200.00 |
| Tevin | $200.00 |

Vasquez rejected the settlement offers. In pretrial proceedings, Vasquez admitted fault for the collision, but contested the claimed damages. On March 31, 2005, a bench trial was conducted. On April 20, 2005, the trial court entered a judgment awarding the following amounts:

| | |
|---|---|
| Roshawn | $2,500.00 |
| Johntrell | $ 500.00 |
| Ebony | $ 400.00 |
| Ashley | $ 300.00 |
| Jasmine | $ 300.00 |
| Tevin | $ 300.00 |

On May 5, 2005, the Phillips filed a Motion to Enforce Qualified Settlement Offer, seeking attorney fees, costs and expenses. On May 18, 2005, Vasquez paid $4,300.00 to the clerk of the Lake Superior Court. She contemporaneously filed a Motion for Satisfaction of Judgment, which was granted. On May 19, 2005, Phillips

filed an Objection to Satisfaction of Judgment.

On June 8, 2005, a hearing was held on the Motion to Enforce Qualified Settlement Offer and Objection to Satisfaction of Judgment. On July 1, 2005, the trial court entered an order setting aside the Satisfaction of Judgment and granting the Motion to Enforce Qualified Settlement Offer. The order provided for the payment of $1,000.00 in attorney fees by Vasquez to each individual plaintiff, amounting to aggregate fees of $6,000.00. Vasquez now appeals.

## Discussion and Decision

### I. Attorney Fees Pursuant to Indiana Code Section 34–50–1–6

Attorney fees were awarded pursuant to Indiana Code Section 34–50–1–6, which provides:

Sec. 6. (a) If:

(1) a recipient does not accept a qualified settlement offer; and

(2) the final judgment is less favorable to the recipient than the terms of the qualified settlement offer;

the court shall award attorney's fees, costs, and expenses to the offeror upon the offeror's motion.

(b) An award of attorney's fees, costs, and expenses under this section must consist of attorney's fees at a rate of not more than one hundred dollars ($100) per hour and other costs and expenses incurred by the offeror after the date of the qualified settlement offer. However, the award of attorney's fees, costs, and expenses may not total more than one thousand dollars ($1,000).

(c) A motion for an award of attorney's fees, costs, and expenses under this section must be filed not more than thirty (30) days after entry of judgment. The motion must be accompanied by an affidavit of the offeror or the offeror's attorney establishing the amount of the attorney's fees and other costs and expenses incurred by the offeror after the date of the qualified settlement offer. The affidavit constitutes prima facie proof of the reasonableness of the amount.

(d) Where appropriate, the court may order a judgment entered against the offeror and in favor of the recipient reduced by the amount of attorney's fees, costs, and expenses awarded to the offeror under this section (or IC 34–4–44.6–8 before its repeal).

Vasquez contends that the foregoing statute provides for one aggregate award of attorney fees of $1,000 per complaint, while Phillips and Amicus Curiae, The Indiana Trial Lawyers Association, contend that the statute must be construed to provide $1,000 per offeror.

▬ The interpretation of a statute is a question of law reserved for the courts. Shepherd v. Carlin, 813 N.E.2d 1200, 1203 (Ind.Ct.App.2004). We will review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. Id. The primary goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. Id. The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute. Id. It is just as important to recognize what the statute does not say as it is to recognize what it does say. Id. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. Id.

▬ The qualified settlement offer statute refers in the singular to an "offer" by an "offeror." There is no mandate that offers be consolidated. The statute is not ambiguous; it thus requires no judicial

interpretation. According to the plain language of the statute, an offeror who has extended an offer that is not accepted by the recipient of the offer may, upon receiving a final judgment less favorable to the recipient, request an award of attorney fees of not more than $1,000.00.

Here, there were six offers extended by six offerors. Vasquez rejected each one. Each offeror received a final judgment less favorable to Vasquez than the rejected offer. Accordingly, each of the six plaintiffs had a statutory claim for attorney fees. The trial court did not erroneously interpret the qualified settlement offer statute in this regard.

### II. Evidence Supporting Award of $6,000.00 in Attorney Fees

We next examine the sufficiency of the evidence supporting an award of $6,000.00 in this case. Attorney Kevin C. Smith ("Smith") represented the Phillips pursuant to a contingency fee agreement. At the hearing on attorney fees, Smith submitted an affidavit indicating that he expended 73.20 attorney hours on the case, and incurred expenses of $636.28. His affidavit did not disclose what fees the Phillips actually incurred, or apportion the fees among them.

■ *Amicus*, The Indiana Trial Lawyers Association, suggests that there is an absolute entitlement by each offeror to $1,000.00 in attorney fees. We disagree. Indiana adheres to the "American Rule" with respect to the payment of attorney fees and requires that parties pay their own attorney fees absent an agreement between the parties, statutory authority, or rule to the contrary. *Courter v. Fugitt,* 714 N.E.2d 1129, 1132 (Ind.Ct.App.1999). As such, Indiana Code Section 34–50–1–6 is in derogation of the common law and therefore must be strictly construed. *Shepherd,* 813 N.E.2d at 1203.

■ Subsection (b) of the qualified settlement offer statute provides that "attorney's fees ... and other costs and expenses [of not more than $1,000.00] *incurred* by the offeror after the date of the qualified settlement offer" may be awarded. (emphasis added). Subsection (c) requires an affidavit establishing "attorney's fees and other costs and expenses *incurred* by the offeror after the date of the qualified settlement offer." (emphasis added). According to the plain statutory language, within the specified limit, "the trial court is required to award the attorney's fees, costs, and expenses actually incurred by the offeror." *Shepherd,* 813 N.E.2d at 1204.

Here, the affidavit is deficient in that it does not indicate what attorney's fees and expenses were actually incurred by any offeror after December 1, 2004, the date of the qualified settlement offers. We therefore reverse the judgment providing for an aggregate award of $6,000.00 in attorney's fees and expenses and remand for the presentation of evidence establishing the amount of fees and expenses actually incurred by each offeror after that date.

### Conclusion

The qualified settlement offer statute provides for reimbursement of attorney's fees and expenses incurred by each offeror after the date of the qualified settlement offer, up to $1,000. However, recovery of attorney's fees and expenses requires an affidavit establishing the amounts actually incurred by each offeror.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and NAJAM, J., concur.