Hank **JOHNSON**, Jr., Appellant–
Defendant,

v.

**AMERICAN CLASSIC MORTGAGE CORPORATION, Milton Booth, Dennis Hayes and Jocelyn Tandy,[1] Appellees–Plaintiffs.**

No. 49A04–0804–CV–229.

Court of Appeals of Indiana.

Oct. 6, 2008.

---

1. Booth, Hayes, and Tandy have not filed briefs in this appeal. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

James N. Scahill, Indianapolis, IN, Attorney for Appellant.

Michael T. Wallace, Roberts & Bishop, Indianapolis, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

Hank Johnson, Jr., appeals the judgment in favor of American Classic Mortgage Corporation ("American Classic") on his counterclaim seeking damages arising from American Classic's alleged violation of Indiana Code Section 23–2–5–20. Johnson raises two issues, which we consolidate and rephrase as follows: Whether the trial court's judgment in favor of American Classic and against Johnson on his counterclaim is clearly erroneous. We reverse and remand for further proceedings.

The relevant facts are undisputed. Johnson was a principal of Circle City Development, LLC, which owned real estate in Indianapolis ("the Real Estate"). The Real Estate was the subject of a foreclosure proceeding, and Johnson wished to obtain a new loan to refinance it. On May 2, 2005, Johnson entered into a contract with American Classic, a loan broker as defined in Indiana Code Section 23–2–5–3(e).[2] Pursuant to the contract, American Classic agreed to obtain a loan on behalf of Johnson for a fee equal to five percent of the loan.

American Classic placed Johnson in contact with Direct Lending Group ("Direct Lending"), a New York lending institution. Direct Lending sent a letter dated June 6, 2005, to Johnson indicating its interest in making a real estate loan in the amount of $450,000. By its terms, the letter was not to be construed as a commitment by Direct Lending to lend Johnson money. Direct Lending requested that Johnson advance $3000 to proceed with the loan application, and Johnson did so.

Shortly thereafter, Johnson decided that he wanted to sell the Real Estate rather than refinance it. He asked Direct Lending to return his $3000, and it did. Johnson also informed American Classic that he was no longer interested in obtaining a loan to refinance the Real Estate.

On September 22, 2005, American Classic filed suit against Johnson, seeking a five-percent commission pursuant to the contract. As a result of circumstances not relevant here, a default judgment against Johnson for $35,000 was entered but was set aside. On April 20, 2007, Johnson filed a counterclaim seeking damages for American Classic's alleged violation of Indiana Code Section 23–2–5–20. Following a bench trial, the trial court issued its judgment on November 15, 2007, containing the following findings of facts and conclusions thereon:

### FINDINGS OF FACT

. . . .

25. [Johnson] never received a commitment from [Direct Lending] to make a loan.

. . . .

29. The undisputed testimony of all parties, is that no loan obtained by

---

2. " '[L]oan broker' means any person who, in return for any consideration from any source procures, attempts to procure, or assists in procuring a loan from a third party or any other person, whether or not the person seeking the loan actually obtains the loan." Ind. Code § 23–2–5–3(e).

[American Classic] was ever closed by [Johnson].

. . . .

37. That on or about September 23, 2005, [American Classic] filed suit against [Johnson] for a 5% commission on a loan that was never closed.

. . . .

39. [American Classic] took a default judgment against [Johnson] on or about April 19, 2006.

40. [American Classic] took a default judgment in the amount of $35,000, which was later set aside.

. . . .

## CONCLUSIONS OF LAW

. . . .

5. Pursuant to Ind.Code § 23–2–5–20, it is prohibited for a loan broker to "collect or solicit any consideration, except a bona fide third-party fee, in connection with a loan until the loan has been closed."

6. [American Classic] presented no evidence that it had incurred any bona fide third-party fees, therefore [it] has failed to present evidence to support any legal theory of recovery against [Johnson].

7. [Johnson] is entitled to judgment against [American Classic] on [its] complaint.

8. Pursuant to Ind.Code § 23–2–5–15, "any person who violates [23–2–5–20], in connection with a contract for the services of a loan broker, is liable to any person damaged by the violation, for the amount of the actual damages suffered, interest at the legal rate, and attorney[']s fees."

9. That [Johnson] fails to show by a preponderance of the evidence that [American Classic] intentionally violated I.C. 23–2–5–20.

10. That judgment should be entered for [American Classic] and against [Johnson] on [his] counterclaim.

Appellant's App. at 13–15. Johnson filed a motion to correct error, which the trial court denied. Johnson appeals.

Before turning to the merits of Johnson's appeal, we observe that the trial court issued findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52. Our standard of review is well settled:

First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. Challengers must establish that the trial court's findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. However, while we defer substantially to findings of fact, we do not do so to conclusions of law. Additionally, a judgment is clearly erroneous under Indiana Trial Rule 52 if it relies on an incorrect legal standard. We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions.

*Carmichael v. Siegel,* 754 N.E.2d 619, 625 (Ind.Ct.App.2001) (citations omitted).

Johnson argues that the trial court erred in entering judgment in favor of American Classic and against him on his counterclaim. Specifically, he contends that that the trial court erred in concluding that he was required to prove by a preponderance of the evidence that Ameri-

can Classic intentionally violated Indiana Code Section 23–2–5–20. We agree.

Indiana Code Section 23–2–5–15 contains no scienter requirement.[3] It is undisputed that American Classic filed a lawsuit against Johnson claiming that he owed it a five-percent commission for obtaining a loan for him, that the loan was never closed, and that it took a default judgment against Johnson for $35,000. These facts establish that American Classic violated Indiana Code Section 23–2–5–20.[4] Indiana Code Section 23–2–5–15 clearly provides that any person who violates Chapter 5 is liable to any person damaged by the violation. Accordingly, the trial court erred in entering judgment in favor of American Classic and against Johnson on his counterclaim.

We therefore reverse the judgment of the trial court and remand to determine the amount of actual damages, interest, and attorney's fees to which Johnson is entitled as a result of American Classic's violation of Indiana Code Section 23–2–5–20.

Reversed and remanded.

KIRSCH, J., and VAIDIK, J., concur.

---

**3.** We reject American Classic argument that Indiana Code Section 23–2–5–20 is ambiguous. "When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense." *City of Carmel v. Steele,* 865 N.E.2d 612, 618 (Ind.2007). In addition, it is "just as important to recognize what a statute does not say as it is to recognize what it does say." *Vasquez v. Phillips,* 843 N.E.2d 61, 63 (Ind.Ct.App.2006). "A court may not read into a statute that which is not the expressed in-

tent of the legislature." *Herron v. State,* 729 N.E.2d 1008, 1010 (Ind.Ct.App.2000), *trans denied.* Indiana Code Section 23–2–5–20(4) prohibits collecting or soliciting consideration in connection with a loan until the loan has been closed. It does not prohibit intentionally violating the statute. We will not read that requirement into subsection (4).

**4.** American Classic did not argue that it pursued the lawsuit against Johnson based on a mistake of fact.