Brandon PHILSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A05–0804–CR–197.

Court of Appeals of Indiana.

Dec. 11, 2008.

Transfer Denied Feb. 26, 2009.

Jeffrey E. Kimmell, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Karl M. Scharnberg, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Brandon Philson appeals his conviction for Class B felony child molesting. Brandon, who was seventeen years old at the time of the alleged offense, was charged in adult court with two counts of rape and three counts of child molesting pursuant to Indiana's automatic jurisdiction statute, Indiana Code § 31–30–1–4. Rape is enumerated in the statute, but child molesting is not. The child molesting charges, however, were properly joined with the rape charges pursuant to another subsection of the statute. Brandon was ultimately acquitted of both rape charges and two of the three child molesting charges. He argues that once he was acquitted of the rape charges, which are the charges upon which the trial court's automatic jurisdiction was based, jurisdiction should have vested in the juvenile court. Because Indiana Code § 31–30–1–4 does not provide any mechanism for transferring jurisdiction to the juvenile court if a defendant is acquitted of the offense upon which the adult court's automatic jurisdiction is based but convicted of a joined offense, we affirm the trial court.

### Facts and Procedural History

James and Kimberly Philson are married and have no biological children; however, they have twelve non-biological children, most of whom they have adopted. A.P. (an adult female), Brandon, and M.P. (a male child) are three of their adopted children.

In June 2006 the State initiated juvenile proceedings against Brandon for molesting his younger brother, M.P. On July 19, 2006, the State filed an information in St. Joseph Superior Court alleging Count I: Class B felony child molesting (involving M.P.); Count II: Class B felony child molesting (involving M.P.); Count III: Class B felony child molesting (involving M.P.); Count IV: Class B felony rape (involving A.P.); and Count V: Class B felony rape (involving A.P.). Although Brandon was only seventeen years old at the time of the alleged offenses, Indiana Code § 31–30–1–4 vests automatic jurisdiction over juveniles at least sixteen years old in adult court for certain enumerated offenses, including rape, along with any offense that may be joined under Indiana Code § 35–34–1–9(a)(2) with that enumerated offense because it is based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. The following day, the State dismissed the juvenile proceedings.

As for the charges in adult court, Counts I, II, and III allege that "[o]n or between the 1st day of June, 2005, and the 12th day of June, 2006," Brandon "did perform deviate sexual conduct . . . by placing his sex organ on the anus of M.P., a child then under the age of fourteen (14) years, to wit: thirteen (13) years of age." Appellant's App. p. 8–9. Count IV alleges that "[o]n or about the 1st day of May, 2005[,] and the 31st day of May, 2005," Brandon knowingly had sexual intercourse with A.P., a member of the opposite sex, by using force. *Id.* at 10. Finally, Count V alleges that "[o]n or about the 1st day of May, 2006[,] and the 13th day of June, 2006," Brandon knowingly had sexual in-

tercourse with A.P., a member of the opposite sex, by using force. *Id.*

Before trial, Brandon filed a motion to sever Counts I, II, and III, the child molesting charges involving M.P., from Counts IV and V, the rape charges involving A.P., on the ground that the charges were joined in the same information solely because they are of the same or similar character, giving him a right to severance of the charges. The trial court denied the motion. Brandon renewed this motion immediately before trial, and the trial court again denied the motion. A jury trial was then held. At trial, M.P. was fifteen years old and A.P. was twenty-two years old, and both testified against Brandon. Specifically, M.P. testified that Brandon put his penis between M.P.'s buttocks and that Brandon's penis touched, but did not enter, his anus. M.P. said that this happened on more than one but less than five occasions. M.P. further testified that the first sexual encounter took place in their parents' bathroom and that it occurred there every time except the last one, when it happened in Brandon and M.P.'s bedroom. A.P. testified that Brandon used physical force to engage in vaginal intercourse with her on two separate occasions inside their parents' bedroom closet. Brandon was found guilty of Count I, the jury hung on Count II, and he was found not guilty of Counts III, IV, and V. Notably, Brandon was found not guilty of both rape charges. The trial court entered judgment of conviction for Count I and sentenced him to the advisory term of ten years. Brandon now appeals.[1]

### Discussion and Decision

Brandon raises two issues on appeal. First, he contends that the trial court erred in denying his motion to sever the child molesting and rape offenses. Sec-

---

1. We held oral argument in this case on November 6, 2008, in the Court of Appeals' courtroom, and we commend the parties on the quality of the presentations.

ond, Brandon contends that once he was acquitted of the rape charges, which are the charges upon which the trial court's automatic jurisdiction was based, jurisdiction should have vested in the juvenile court.

### I. Severance of the Offenses

█ Brandon contends that the trial court erred in denying his motion to sever the child molesting and rape offenses. Indiana Code § 35–34–1–9(a) is the basis for joining these offenses and provides:

> Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:
>
> > (1) are of the same or similar character, even if not part of a single scheme or plan; or
> >
> > (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

However, Indiana Code § 35–34–1–11(a) provides for a right to severance of offenses that are joined solely on the ground that they are of the same or similar character:

> Whenever two (2) or more offenses have been joined for trial in the same indictment or information *solely on the ground that they are of the same or similar character,* the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
>
> > (1) the number of offenses charged;
> >
> > (2) the complexity of the evidence to be offered; and

> > (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

(Emphasis added).

On appeal, Brandon argues that the child molesting and rape offenses were joined solely on the ground that they are of the same or similar character and therefore severance was automatic. The State, on the other hand, argues that the offenses were joined because they are based on a series of acts connected together and therefore severance was within the trial court's discretion. *See Piercefield v. State,* 877 N.E.2d 1213, 1218 (Ind.Ct.App.2007) (holding that when a defendant is not entitled to severance as a matter of right, we will review the trial court's decision under the abuse of discretion standard), *trans. denied.* We agree with the State.

Here, Brandon was charged with five offenses, three involving M.P. and two involving A.P. Specifically, the State alleged that Brandon committed sexual acts against his siblings in the same house over the same time period, 2005–2006. The allegation with respect to the rapes of A.P. surfaced in the course of the investigation into the molestations of M.P. We find that these crimes are sufficiently linked together such that severance was not mandated. *See Blanchard v. State,* 802 N.E.2d 14, 25–26 (Ind.Ct.App.2004) (finding that charges involving twins living in same household were joined together because they were based on a series of acts connected together, thus severance was not mandated).

█ As for whether the trial court abused its discretion in denying Brandon's motion to sever the offenses, we note that although there were five charges, there were two victims. The evidence regarding each victim was easily distinguishable at trial and was largely based upon each vic-

tim's testimony. Indeed, the jury acquitted Brandon of both charges relating to A.P. It is thus apparent that the jury was able to compartmentalize the evidence regarding each victim. The trial court did not abuse its discretion in denying Brandon's motion to sever the offenses. *See id.* at 26.

## II. Jurisdiction Following Acquittal of Rape Charges

 Brandon contends that once he was acquitted of the rape charges, which are the charges upon which the trial court's automatic jurisdiction was based, jurisdiction should have vested in the juvenile court. Indiana Code § 31–30–1–4, known as the "automatic jurisdiction" statute,[2] provides:

(a) The juvenile court does not have jurisdiction over an individual for an alleged violation of:

(1) IC 35–41–5–1(a) (attempted murder);

(2) IC 35–42–1–1 (murder);

(3) IC 35–42–3–2 (kidnapping);

(4) IC 35–42–4–1 *(rape);*

(5) IC 35–42–4–2 (criminal deviate conduct);

(6) IC 35–42–5–1 (robbery) if:

(A) the robbery was committed while armed with a deadly weapon; or

(B) the robbery results in bodily injury or serious bodily injury;

(7) IC 35–42–5–2 (carjacking);

(8) IC 35–45–9–3 (criminal gang activity);

(9) IC 35–45–9–4 (criminal gang intimidation);

(10) IC 35–47–2–1 (carrying a handgun without a license);

(11) IC 35–47–10 (children and firearms);

(12) IC 35–47–5–4.1 (dealing in a sawed-off shotgun); or

(13) *any offense that may be joined under IC 35–34–1–9(a)(2) with any crime listed in subdivisions (1) through (12);* if the individual was at least sixteen (16) years of age at the time of the alleged violation.

(Emphases added). It is a legislative function to establish jurisdiction, and, according to our Supreme Court, Indiana Code § 31–30–1–4 evinces strong legislative sentiment that a sixteen-year-old should be treated differently from a younger child in at least some respects. *Carter v. State,* 711 N.E.2d 835, 843 (Ind.1999). Pursuant to the plain and unambiguous language of subsection (a),[3] the juvenile court does not

---

**2.** This statute is in contrast to Indiana Code § 31–30–3–2, which provides that upon motion of the prosecuting attorney and after full investigation and a hearing, the juvenile court may waive jurisdiction over a child if it finds that:
(1) the child is charged with an act:
(A) that is heinous or aggravated, with greater weight given to acts against the person than to acts against property; or
(B) that is a part of a repetitive pattern of delinquent acts, even though less serious;
(2) the child was at least fourteen (14) years of age when the act charged was allegedly committed;
(3) there is probable cause to believe that the child committed the act;

(4) the child is beyond rehabilitation under the juvenile justice system; and
(5) it is in the best interests of the safety and welfare of the community that the child stand trial as an adult.
Waiver of jurisdiction is for the offense charged and all included offenses. Ind.Code § 31–30–3–1.

**3.** "When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense." *City of Carmel v. Steele,* 865 N.E.2d 612, 618 (Ind.2007). In addition, it is "just as important to recognize what the statute does not say as it is to recognize what it does say."

have jurisdiction over an individual for an alleged violation of an offense listed in subsections (a)(1)-(12) and any offense that may be joined with it pursuant to subsection (a)(13). As decided above, Brandon's child molesting charges were properly joined with his rape charges in St. Joseph Superior Court, and the juvenile court did not have jurisdiction over them. Subsection (a) simply does not provide any mechanism for transferring jurisdiction to the juvenile court once Brandon was acquitted of the rape charges, which are what landed him in adult court.

Subsection (c) addresses retention of jurisdiction. It specifically provides that the adult court retains jurisdiction over the case even if the defendant pleads guilty to or is convicted of a lesser included offense to those listed in subsection (a):

> (c) Once an individual described in subsection (a) or (b) has been charged with any crime listed in subsection (a) or (b) [4], the court having adult criminal jurisdiction shall retain jurisdiction over the case even if the individual pleads guilty to or is convicted of a lesser included offense. A plea of guilty to or a conviction of a lesser included offense does not vest jurisdiction in the juvenile court.

Ind.Code § 31-30-1-4(c). Recognizing that there might be a question regarding where jurisdiction lies if a defendant is ultimately convicted of a lesser included offense, our legislature clarified that jurisdiction remains in the adult court. As with subsection (a), subsection (c) does not provide any mechanism for transferring jurisdiction to the juvenile court if the defendant is acquitted of an offense; rather, it only addresses the possibility of the defendant being convicted of a lesser included offense.

Here, Brandon was not convicted of a lesser included offense of either rape or child molesting. Rather, he was acquitted of the rape charges and convicted of one of the joined offenses, child molesting. Therefore, subsection (c) does not come into play. It appears, though, that Brandon wants us to read subsection (c) to mean that because he was acquitted of the offense that landed him in adult court but convicted of a joined offense, jurisdiction reverts to the juvenile court because the legislature contemplated that the adult court might lose jurisdiction in another circumstance. This, however, would require us to read language into the statute that simply does not exist. Jurisdiction is not a bouncing ball, and we will not presume that jurisdiction reverts to the juvenile court absent express authority from our legislature. Accordingly, jurisdiction over the child molesting charge properly remained in the adult court. *See State v. Behl*, 564 N.W.2d 560, 566 (Minn.1997) ("[W]e hold that the legislature's failure to provide for a transferring mechanism was intentional and therefore unambiguous, and that the [trial] court had no statutory authority either to transfer the case to juvenile court for disposition [once the defendant was acquitted of the charge upon which the trial court's jurisdiction was based], or to give the defendant a hearing to determine whether the defendant

*Vasquez v. Phillips,* 843 N.E.2d 61, 63 (Ind.Ct. App.2006).

4. This subsection deals with a juvenile who is alleged to have committed manufacturing or dealing in cocaine or a narcotic drug, dealing in methamphetamine, dealing in a schedule I, II, or III controlled substance, or dealing in a schedule IV controlled substance if the individual has a prior unrelated conviction under certain statutes or the individual has a prior unrelated juvenile adjudication that, if committed by an adult, would be a crime under certain statutes and the individual was at least sixteen years old at the time of the alleged violation.

should be sentenced as an adult or adjudicated as a juvenile.").

We recognize this is a harsh result. That is, Brandon was acquitted of the very offense that landed him in adult court, yet he was still sentenced in adult court for the joined offense, which had originally been brought in juvenile court. Brandon was ultimately sentenced to the advisory term of ten years in the Department of Correction, though the trial judge, Judge Marnocha, struggled with sentencing options for such a youth who was trapped in the adult system: "I have, quite honestly, anguished about this offense and this case more than perhaps other ones. There simply aren't a lot of good options, Mr. Philson, for you, to do anything that is half way creative. And I'm sort of stuck with what the law says." Tr. p. 444.

There are vast differences between Indiana's juvenile justice and adult criminal systems, which have lifelong consequences. It is the policy of this State and the purpose of the juvenile code to ensure that children within the juvenile justice system are treated as persons in need of care, protection, treatment, and rehabilitation and to provide a juvenile justice system that protects the public by enforcing the legal obligations that children have to society and society has to children. Ind. Code § 31–10–2–1(5) & (8). The adult criminal system simply does not provide equivalent protections. These differences become especially critical where the juvenile is acquitted of the very offense that brought him into adult court, which undercuts his rationale for being there.

Other state legislatures have addressed this scenario head-on, and we implore our legislature to do so. For example, the State of Washington's legislature amended its statute in 2005 to provide that if a juvenile is acquitted of the offense upon which the adult court's jurisdiction is based but convicted of a non-enumerated crime, jurisdiction transfers to the juvenile court for disposition. *State v. Posey*, 161 Wash.2d 638, 167 P.3d 560, 563–64 (2007) (citing Wash. Rev.Code § 13.04.030(1)(E)(II)). The rationale for Washington's amendment is to keep juveniles in the juvenile system to allow creative intervention at the juvenile justice level and to maintain its policy of treating juveniles and adults differently. *Id.* at 563.

However, as it now stands, Indiana Code § 31–30–1–4 plainly and unambiguously provides that a juvenile court does not have jurisdiction over an individual (who was at least sixteen years old at the time of the alleged violation) for an alleged violation of an offense listed in subsections (a)(1)-(12) and any offense that may be joined with it pursuant to subsection (a)(13). There is no language in the statute providing for a return of jurisdiction to the juvenile court if the defendant is acquitted of an offense listed in subsections (a)(1)-(12) but convicted of an offense joined with it pursuant to subsection (a)(13). Though we sympathize with Brandon's situation, we will not read such language into the statute. The trial court properly exercised jurisdiction over him. We therefore affirm.

Affirmed.

CRONE, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I believe the trial court abused its discretion in denying the motion to sever. Accordingly, I respectfully dissent.