**In re the Matter of the Paternity of D.J.,**

**State of Indiana, ex rel. D.J., a Child, Appellant–Petitioner,**

v.

**R.M.H., Mother, and J.M.M., Father, Appellees–Respondents.**

**No. 71A03–0807–JV–369.**

Court of Appeals of Indiana.

Dec. 16, 2008.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

**OPINION**

BAKER, Chief Judge.

Must a trial court order a biological father to reimburse the State in an amount

no less than 50% of the expenses associated with the mother's pregnancy and childbirth that had been paid by Medicaid? The answer is yes.

Appellant-petitioner State of Indiana (the State) appeals the trial court's determination that J.M.M., the biological father of D.J., was not obligated to reimburse Medicaid for any portion of mother's pregnancy and childbirth expenses that it had paid. Specifically, the State argues that Indiana Code section 31–14–17–1 obligated the trial court to order J.M.M. to reimburse Medicaid for at least 50% of the reasonable and necessary expenses that were associated with the mother's pregnancy and D.J.'s birth. Finding that the trial court erred, we reverse and remand with instructions that the trial court order J.M.M. to reimburse the State in an amount no less than 50% of the expenses that were associated with mother's pregnancy and D.J.'s birth that Medicaid had paid.

## FACTS

D.J. was born on January 19, 2001. R.M.H. is D.J.'s biological mother, and Medicaid paid the expenses that were incurred during the birth. Although R.M.H. and J.M.M. have lived together since D.J.'s birth, J.M.M. did not contribute significantly toward D.J.'s support.

On February 11, 2008, the State filed a petition to establish the paternity of D.J.,[1] which alleged that J.M.M. is D.J.'s father. J.M.M. waived his right to genetic testing and admitted to paternity. After hearing the evidence on March 18, 2008, the trial

court found that J.M.M. was D.J.'s father. The trial court also ordered J.M.M. to pay child support in the amount of $42 per week retroactive to February 16, 2008. J.M.M. was also ordered to pay $3.00 per week on a child support arrearage "until it is paid off in full." Appellant's App. p. 7.

At the time of the hearing, the deputy prosecutor indicated that although he did not presently have the evidence regarding the childbirth expenses that Medicaid had paid, that evidence was available and forthcoming. Nonetheless, the trial court ruled that "Father isn't Ordered to reimburse the State . . . for birth expenses paid for by Medicaid due to the age of the child." *Id.*

Thereafter, the State filed a motion to correct error and an affidavit containing evidence establishing that Medicaid had paid D.J.'s birth-related expenses in the amount of $4,409.02. Thus, the State maintained that the trial court erred in refusing to order J.M.M. to reimburse it for "no less than 50% of those expenses, i.e. an amount of $2,204.51." *Id.* at 11. The trial court denied the motion to correct error and the State now appeals.

## DISCUSSION AND DECISION

■ Before addressing the State's argument on appeal, we note that R.M.H. and J.M.M. have not filed a brief. When the appellee has failed to submit an appellate brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1068 (Ind.2006). Rather, we will reverse the trial court's

1. The State is representing its interest in this matter because D.J.'s birthing expenses were paid by Medicaid. *See Collier v. Collier,* 702 N.E.2d 351, 353 (Ind.1998) (observing that Indiana Code section 12–17–2–21, which is now codified at Indiana Code section 31–25–4–13.1, grants the Child Support Bureau the explicit authority to contract with prosecuting attorneys or private attorneys to "undertake activities . . . including establishment of paternity, establishment and enforcement . . . of child support orders, . . . and prosecutions of welfare fraud").

judgment if the appellant presents a case of prima facie error. *Id.* Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face of it." *Id.* If an appellant is unable to meet this burden, we will affirm the trial court's judgment. *Id.*

■ Proceeding to the merits of the State's argument, we note that the payment of expenses associated with the birth of a child is governed by Indiana Code section 31–14–17–1:

(a) The court shall order the father to pay at least fifty percent (50%) of the reasonable and necessary expenses of the mother's pregnancy and childbirth, including the cost of:

(1) prenatal care;

(2) delivery;

(3) hospitalization; and

(4) postnatal care.

■ When construing a statute, our primary goal is to determine, give effect to, and implement the intent of the legislature. *Shepherd v. Carlin,* 813 N.E.2d 1200, 1203 (Ind.Ct.App.2004). The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute. *Id.* When the word "shall" is used in a statute, it is construed as mandatory unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning. *Gabbard v. Dennis,* 821 N.E.2d 441, 445 (Ind.Ct.App.2005).

This court has previously held that Indiana Code section 31–14–7–1 imposes no time limitation on the recovery of birth-related expenses, provided that the paternity petition is otherwise timely filed. *In the Matter of Paternity of A.J.R.,* 702 N.E.2d 355, 363 (Ind.Ct.App.1998). As noted above, the State submitted an affida-vit with its motion to correct error establishing that Medicaid had paid a total of $4,409.02 in expenses that were associated with D.J.'s birth. Appellant's App. p. 9–11. At the hearing on the motion to correct error, the deputy prosecutor informed the trial court that the State did not file the petition to establish paternity at an earlier time because "[it] did not have a case until August 1, 2007." *Id.* at 42. Moreover, the deputy prosecutor pointed out that "we are not going to work a case until we have a referral or if somebody requests our services." *Id.* at 42–43. Although the record is not clear as to precisely why the State did not—or could not—have filed the petition until February 2008, the trial court's decision to deny the State's request for reimbursement "due to the age of the child," *id.* at 7, was error in light of Indiana Code section 31–14–17–1. Thus, we reverse and remand with instructions that the trial court order J.M.M. to reimburse the State in an amount no less than $2,204.51, which represents 50% of D.J.'s birth-related expenses paid by Medicaid.

Reversed and remanded.

NAJAM, J., and KIRSCH, J., concur.