**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 12 2014, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**S. ANTHONY LONG**
Long & Mathies Law Firm, P.C.
Boonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE PATERNITY OF: | ) | |
| S.L. b/n/f R.H.B., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1404-JP-183 |
| | ) | |
| T.L., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Tornatta, Judge
Cause No. 82D01-1201-JP-1

**September 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

R.H.B. ("Father") appeals the denial of his petition to change the surname of his biological child, S.L. He argues that the trial court abused its discretion in determining that it was not in S.L.'s best interests to change his last name to Father's. Concluding that the trial court's decision to deny Father's petition is not clearly against the logic and effect of the facts and circumstances before it, we affirm.

**Facts and Procedural History**

Mother gave birth to S.L. in August 2011, and he was given her surname. Father voluntarily paid child support and exercised parenting time. In January 2012, Father filed a petition to establish paternity, custody, and support and a petition for change of name of minor child. Mother filed a cross-petition to establish custody, visitation, and support and an objection to Father's petition for change of name of minor child. In December 2012, the trial court entered a judgment of paternity and provisional agreement regarding custody, parenting time, and support. In July 2013, the parties entered into an agreement regarding custody, parenting time, and support, in which they agreed that they would share joint legal custody of S.L., Mother would have primary physical custody, Father would have parenting time every other weekend and one mid-week visit, and Father would pay child support pursuant to the Indiana Child Support Guidelines. They reserved the issue of changing S.L.'s surname to Father's.

In March 2014, the trial court held a hearing on Father's petition for change of name of minor child. Father testified regarding why he wanted S.L. to have his last name:

> I just always felt that, you know, a person's name is [a] strong, family tradition and I want to be a part of [S.L.'s] life and I want to be more than just a partial parent. I want to be a father. You know, I want to be there for him, and I think that as he grows up and as he gets older, as a son, they look up to the dad and what he has done as a role model, and I would hope that I could be that to him.

Tr. at 10.[1] Father also testified that when he and S.L. were apart, sharing the same last name would be a reminder to S.L. and would tie the two of them together. *Id.* at 10-11.

Mother testified that her last name is well known in Dubois County where she resides and is highly respected in her community, and therefore her last name would provide many advantages to S.L. She further testified that she wants S.L. "to have absolutely every advantage and every opportunity possible to any child, and he has better opportunity with the last name of [L.] in our community." *Id.* at 28.

The trial court ruled from the bench and denied Father's petition, concluding as follows:

> I would encourage you to consider hyphenating [S.L.'s] name to reward Dad for being a good Dad, but if you can't agree to do that, I would say that I've considered all of the factors that are relevant into what is in [S.L.'s] best interest and what is the appropriate surname, but having considered all of the factors, the overwhelming factor in this case is that he lives and is going to be raised in Jasper, Dubois County, Indiana, and Mother's last name [L.] is well known, well recognized.

*Id.* at 41.

### Discussion and Decision

Father appeals the denial of his petition for change of name of minor child.

---

[1] Father reproduced the transcript in the appellant's appendix in contravention of Indiana Appellate Rule 50(F).

We review a trial court's order granting or denying a biological father's request to change the name of a nonmarital child for an abuse of discretion. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Additionally, a biological father seeking to change the name of a non-marital child has the burden of persuading the court that the change is in the best interests of the child.

*In re Paternity of N.C.G.*, 994 N.E.2d 331, 334 (Ind. Ct. App. 2013) (citations omitted).

We observe that Mother has not filed an appellee's brief.

When the appellee has failed to submit an appellate brief, we need not undertake the burden of developing an argument on the appellee's behalf. Rather, we will reverse the trial court's judgment if the appellant presents a case of prima facie error. Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it. If an appellant is unable to meet this burden, we will affirm the trial court's judgment.

*In re D.J.*, 898 N.E.2d 356, 357-58 (Ind. Ct. App. 2008) (citations and quotation marks omitted).

Father contends that the trial court abused its discretion in finding that it was in S.L.'s best interests to have Mother's surname because he pays child support, exercises parenting time, and wants S.L. to have his last name as a tangible reminder of their connection. Father likens this case to *N.C.G.*, in which another panel of this Court concluded that the trial court abused its discretion in denying the father's petition for change of name of minor child. 994 N.E.2d at 335-36. *N.C.G.* is the only published case to reverse a trial court's denial of a father's petition for change of name of a minor child in a paternity action.[2]

---

[2] There are a number of cases in which this Court has concluded that the trial court did not abuse its discretion in granting a father's petition for change of name of a minor child in a paternity action. *E.g.*, *Petersen v. Burton*, 871 N.E.2d 1025, 1031 (Ind. Ct. App. 2007); *C.B. v. B.W.*, 985 N.E.2d 340, 348 (Ind. Ct. App. 2013); *In re Paternity of Tibbitts*, 668 N.E.2d 1266, 1269 (Ind. Ct. App. 1996), *trans. denied* (1997).

We do not read *N.C.G.* as standing for the proposition that just because the father of a child born out-of-wedlock pays child support and exercises visitation, it must be in the child's best interests to bear his surname. These are certainly factors that the trial court should consider in determining what is in the child's best interests, but they are not the exclusive factors. As another panel of this Court has observed, "[W]hile these factors are relevant, material, and probative, their presence, without more, may not always result in a best interests determination for the name change petitioner." *C.B. v. B.W.*, 985 N.E.2d 340, 347 (Ind. Ct. App. 2013), *trans. denied.* The question is "'whether it is sufficiently in the best interest of the child to give the child its father's surname when the father pays support, has visitation, and is actively involved in the child's life.'" *Id.* (quoting *In re Paternity of Tibbitts*, 668 N.E.2d 1266 (Ind. Ct. App. 1996), *trans. denied* (1997)). Further, "whether it is in the best interests for a child born out of wedlock to be given the father's surname when paternity has been established is an issue to be resolved on a case-by-case basis." *Id.* at 347-48. Among the factors that the trial court may properly consider are

> whether the child holds property under a given name, whether the child is identified by public and private entities and community members by a particular name, the degree of confusion likely to be occasioned by a name change, and (if the child is of sufficient maturity) the child's desires. Additional factors which have been considered are the birth and baptismal records of the child, the school records of any older children, health records, and the impact of a name change when there are siblings involved whose name(s) would not be changed.

*Id.* at 343.

Here, the trial court, in the exercise of its discretion, considered the totality of the circumstances in determining what was in S.L.'s long-term best interests. It determined that

it was in S.L.'s best interests to retain Mother's last name. Its decision is not clearly against the logic and effect of the facts and circumstances before it. Therefore, Father has failed to establish prima facie error, and we affirm the denial of his petition for change of name of minor child.

Affirmed.

RILEY, J., and MATHIAS, J., concur.