

FILED

Sep 20 2013, 5:33 am

CLERK
of the supreme court,
court of appeals and
tax court

**FOR PUBLICATION**

APPELLANT PRO-SE:

**WALTER E. LUNSFORD**
Cumberland, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID J. JURKIEWICZ**
**NATHAN T. DANIELSON**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WALTER E. LUNSFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 30A01-1302-MF-63 |
| | ) | |
| DEUTSCHE BANK TRUST COMPANY | ) | |
| AMERICAS AS TRUSTEE, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Richard D. Culver, Judge
Cause No. 30C01-0907-MF-746

**September 20, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

In this case, we find the old adage "first in time is first in right,"[1] to be as instructive as it has been throughout 200 hundred years of property and debt collection jurisprudence. Appellant-defendant Walter E. Lunsford entered into a land contract with Elizabeth Cottler; however, it was not recorded until almost six years later. In the meantime, Cottler executed a promissory note secured by a mortgage to a financial institution, which promptly recorded its security interest before Lunsford's interest was recorded.

Cottler defaulted on the loan, and the financial institution, appellee-plaintiff Deutsche Bank Trust Company Americas as Trustee (Deutsche Bank), which had been assigned the promissory note and the mortgage, initiated foreclosure proceedings against Cottler. Lunsford was joined as a defendant to assert any interest he might have by reason of his land contract.

Deutsche Bank filed a motion for summary judgment, which was granted following a hearing. The trial court entered a decree of foreclosure, thereby foreclosing Lunsford's land contract and ordered a sheriff's sale.

Lunsford appeals pro se, raising numerous arguments, including that Deutsche Bank does not exist, that it refused Lunsford's attempts to tender payment, that it failed to join an indispensable party, namely, the trust, and that Deutsche Bank failed to produce the original loan documents. Finding no merit in Lunsford's arguments and that

---

[1] In <u>Rankin v. Scott</u>, Chief Justice Marshall stated: "The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds . . . ." 25 U.S. (12 Wheat) 177, 179 (1827).

2

Deutsche Bank was the holder of the promissory note and mortgage and had the authority to enforce these documents, we affirm the trial court's order granting summary judgment in favor of Deutsche Bank.

## FACTS

Lunsford and Cottler entered into a land contract on August 28, 2000, (Land Contract), for the purchase of property in Cumberland (Real Estate). The Land Contract was not recorded until March 8, 2006.

On August 18, 2005, Cottler as owner of the Real Estate, executed a promissory note to Homecomings Financial Network, Inc. (Homecomings), promising to pay $78,000. Homecomings endorsed the promissory note to Residential Funding Corporation, who then endorsed it to Deutsche Bank, as Trustee.

The promissory note was secured by a mortgage executed by Cottler that same day. More particularly, Cottler granted a security interest in the Real Estate to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Homecomings. The mortgage indicated that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."[2] Appellee's App. p. 101.

---

[2] As Justice Massa succinctly explained in Citimortgage, Inc. v. Barabas, MERS was created to relieve investment banks from multiple successive assignments that resulted from mortgage-backed securities, which allowed investors to trade mortgages like stocks and bonds. 975 N.E.2d 805, 808-09 (Ind. 2012). Banks belonging to MERS can buy and sell mortgage notes among themselves without recording the assignments because the MERS database tracks ownership rights of mortgage loans anywhere in the U.S.

The mortgage was recorded on August 25, 2005, as Instrument number 050011734. The mortgage was assigned to Deutsche Bank by MERS under an assignment of mortgage which was also recorded.

The promissory note and the mortgage were acquired by Deutsche Bank as trustee prior to the date that the complaint was filed and during the entire pendency of this matter. Agents of Deutsche Bank have been in physical possession of the original promissory note and mortgage. The original promissory note and mortgage were produced for inspection by the trial court and Lunsford during the November 15, 2012 hearing on Deutsche Bank's motion for summary judgment.

Beginning on January 1, 2008, Cottler defaulted on making payments under the terms of the promissory note and mortgage. As a result, the loan was accelerated, and on July 2, 2009, Deutsche Bank, as trustee, initiated foreclosure proceedings, seeking to foreclose the mortgage against the Real Estate and an order for a sheriff's sale of the Real Estate. Additionally, Deutsche Bank requested a personal money judgment against Cottler. Lunsford was included as a defendant to assert any interest in the Real Estate by reason of the Land Contract.

On January 14, 2010, Lunsford asserted his Land Contract interest in the Real Estate in his answer, affirmative defenses, and counterclaim, claiming that Deutsche Bank lacked proper standing to enforce the promissory note.

Id. at 809. If a MERS loan goes into default, it is assigned to whichever member bank currently owns the note, and that bank forecloses on the borrower. Id.

4

On March 9, 2012, Deutsche Bank moved for summary judgment against Cottler and Lunsford. In support of its motion, Deutsche Bank filed a designation of evidence, multiple affidavits, and a brief.

In response to Deutsche Bank's motion for summary judgment, on March 26, 2012, Lunsford filed an offer to settle/motion to dismiss. After obtaining numerous extensions of time, on October 10, 2012, Lunsford filed a motion in opposition to Deutsche Bank's motion for summary judgment. Deutsche Bank moved the trial court to strike Lunsford's motion in opposition, claiming that it failed to comply with the Indiana Trial Rules. The trial court entered an order striking the motion in opposition on October 19, 2012. Lunsford filed a second motion in opposition on November 5, 2012 and a motion to strike documents on November 15, 2012.

On November 15, 2012, the trial court conducted a hearing on Deutsche Bank's motion for summary judgment. During the hearing, argument was presented by Lunsford, pro se, and by Deutsche Bank, via counsel. During the hearing, Deutsche Bank produced the original promissory note and mortgage for inspection by Lunsford and the trial court. Deutsche Bank also asserted that Lunsford's November 5 motion in opposition of summary judgment was untimely and could not be considered by the trial court.

At the conclusion of the hearing, the trial court requested that counsel for Deutsche Bank prepare a proposed summary judgment order which "recognizes [Lunsford's] interest and his options." Tr. p. 39. The trial court also asked that counsel

5

for Deutsche Bank deliver an email to Lunsford containing updated payoff information for the loan.

Following the hearing, counsel for Deutsche Bank delivered to Lunsford, via overnight mail, a letter dated November 19, 2012, which provided payoff information for the loan as of November 16, 2012. Deutsche Bank filed a proposed summary judgment order on November 20, 2012. Although the trial court also requested that Lunsford send it a letter indicating what he proposed as an appropriate outcome in the case, with a copy delivered to counsel for Deutsche Bank, the record does not indicate that Lunsford ever sent such a letter to the trial court following the hearing.

On December 4, 2012, the trial court entered an order granting summary judgment and a decree of foreclosure. The order included a personal money judgment against Cottler and a decree foreclosing Deutsche Bank's mortgage as prior and superior to Lunsford Land Contract interest, which was foreclosed. A sheriff's sale of the Real Estate was ordered. Further, the order specifically permitted Lunsford to petition the trial court following the sheriff's sale to seek any excess proceeds in satisfaction of Lunsford's junior interest in the Real Estate. Finally, the order resolved all pending motions, including Lunsford's March 26 offer to settle/motion to dismiss and his November 2012 motions in opposition and to strike documents.

On December 14, 2012, Lunsford filed his motion to correct error, which was denied on January 11, 2013. Lunsford now appeals pro se.

6

## I. Standard of Review

Lunsford appeals the trial court's grant of summary judgment in favor of Deutsche Bank. When we review a grant or denial of summary judgment, we apply the same standard as the trial court, namely, summary judgment should be granted when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Deutsche Bank Nat'l Trust Co. v. Mark Dill Plumbing Co., 903 N.E.2d 166, 167-68 (Ind. Ct. App. 2009); see also Ind. Trial Rule 56(C). Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact, the party opposing summary judgment must respond by designating specific evidence establishing a genuine issue of material fact. Hays v. Harmon, 809 N.E.2d 460, 464 (Ind. Ct. App. 2004).

## II. Waiver

At the outset, Deutsche Bank claims that Lunsford is barred from asserting several of his claims, including Deutsche Bank lacks standing and refused his offer of payment in full, because he failed to make these arguments before the trial court. It is well-established that the "[f]ailure to raise an issue before the trial court waives that issue on appeal." Salsbery Pork Producers, Inc., v. Booth, 967 N.E.2d 1, 3 (Ind. Ct. App. 2012). The reasoning for this rule is two-fold: the opposing party should be given the opportunity to respond at the trial court level, and the trial court should be given the opportunity to consider the issue and make a decision before the issue is taken up on

7

appeal.  <u>Baird v. ASA Collections</u>, 910 N.E.2d 780, 786 (Ind. Ct. App. 2009); <u>Clarkson v. Dep't of Ins. of State of Ind.</u>, 425 N.E.2d 203, 206 (Ind. Ct. App. 1981).

Regarding Lunsford's claim that Deutsche Bank does not exist and, therefore, lacked standing to bring the foreclosure action, Indiana Trial Rule 9(A) provides that although it is not necessary to prove that a party has the capacity to sue or be sued or that a party exists, "[t]he burden of proving lack of such capacity, authority, or legal existence shall be upon the person asserting lack of it, and shall be pleaded as an affirmative defense."

Here, Lunsford's affirmative defenses included:

- The assignment of the mortgage was legally defective because the promissory note contained no provision granting Mortgage Electronic Registration System, Inc. (MERS) any rights.  Therefore, MERS could not assign the note.

- Deutsche Bank lacked legal standing to foreclose on the loan because the assignment of the mortgage was legally defective.

- Because the assignment of the mortgage was legally defective, Deutsche Bank has no interest in the note and is precluded from instituting the foreclosure action.

- Deutsche Bank has failed to join indispensable parties to this action, including the current owner and holder of the note.

- Because Deutsche Bank is suing in its capacity as trustee, this is indicative that it is operating within "the securitized mortgage loan trust" and as such the true owner of the note and the mortgage are unknown.

- The mortgage was subject to overcollateralization and policies placed on it.  Thus, "the mortgage loan . . . may have been paid

8

down by one or more forms of credit enhancements upon being declared in default."

Appellee's App. p. 40-42. Because Lunsford failed to bring Deutsche Bank's lack of existence in his affirmative defenses,[3] that claim is waived.[4]

Likewise, Lunsford failed to argue to the trial court that Deutsche Bank refused payment from him. Therefore, this argument is also waived. Waiver notwithstanding, Deutsche Bank provided Lunsford with payoff information for the loan in its summary judgment pleadings as of January 12, 2012. Appellee's App. p. 96. Lunsford was again provided with updated payoff information via overnight mail following the summary judgment hearing. Id. at 161-62. Notwithstanding this information, no tender of payment was ever made in satisfaction of the loan documents. A proper tender of payment generally requires full payment of the debt due. Cricket Ridge, LLC v Wright, 880 N.E.2d 1271, 1277 (Ind. Ct. App. 2008). And if the payment is refused, "the tender must be kept open by paying the full amount into court." Id. Put another way, Lunsford has not alleged, and the record does not show, that he actually attempted to make full payment to Deutsche Bank or that he made payment to the trial court when Deutsche Bank refused the payment. Consequently, this argument fails.

---

[3] In Lunsford's October 10, 2012 motion in opposition to Deutsche Bank's motion for summary judgment, he claimed that Deutsche Bank "has no standing" and "has failed to join indispensable parties to this action"; however, on October 19, 2012, the trial court granted Deutsche Bank's motion to strike Lunsford's motion in opposition. Appellee's App. p. 139, 146.

[4] As an aside, Deutsche Bank Trust Company Americas is an active bank listed by the FDIC. Federal Deposit Insurance Corporation, http://research.fdic.gov/bankfind/, (September 5, 2013).

<u>III. Authority to Enforce the Loan Documents</u>

<u>A. Deutsche Bank's Authority as Trustee</u>

Lunsford claims that Deutsche Bank, in its capacity as trustee, has failed to join an indispensable party by failing to name the trust as a party. Lunsford directs us to Indiana Trial Rule 17(A)(1), which states:

> An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought, but stating his relationship and the capacity in which he sues.

Standing is a similar, although not an identical requirement, as the "real party in interest requirement" in Trial Rule 17(A). <u>State ex rel. Ind. State Bd. of Tax Comm'rs v. Ind. Chamber of Commerce, Inc.</u>, 712 N.E.2d 992, 996 (Ind. Ct. App. 1999). The purpose of both is to ensure that the party before the court has the substantive right to enforce the claim being asserted. <u>Id.</u>

In the instant case, Deutsche Bank sought to enforce the loan documents by filing its complaint in the name, "DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE." Appellee's App. p. 12. It is in Deutsche Bank's role as trustee that it is holder of the note and entitled to enforce the loan documents. Indeed, Lunsford correctly states that Deutsche Bank brought this case as trustee for the "RALI SERIES 2005-QS15 TRUST" (Trust). Appellant's Br. p. 4. However, this undisputed fact does not create a genuine issue of material fact for trial.

Furthermore, as stated earlier, it was not necessary for Deutsche Bank to name the Trust as a party to this foreclosure action. See T.R. 17(A) (stating that a "trustee . . . may sue in his own name without joining with him the party for whose benefit the action is brought . . . ."); see also Ind. Code § 30-4-3-15 (providing that the "trustee may maintain in his representative capacity a civil action for any legal or equitable remedy against a third person that he could maintain in his own right if he were the owner"). Thus, Deutsche Bank had the authority as trustee to seek to enforce the loan documents.

### B. Deutsche Bank is the Holder of the Loan Documents

Indiana has adopted Article 3 of the Uniform Commercial Code (UCC), which governs negotiable instruments, and it is well-established that a promissory note secured by a mortgage is a negotiable instrument. First Valley Bank v. First Sav. & Loan Ass'n of Cent. Ind., 412 N.E.2d 1237, 1240-41 (Ind. Ct. App. 1980). Indeed, mortgage notes were considered negotiable instruments before the adoption of the UCC. Id. at 1241.

Indiana Code section 26-1-3.1-301 provides that a negotiable instrument may be enforced by "the holder of the instrument." The term "holder" includes the person in possession of a negotiable instrument that is payable to "bearer" or a person in possession of a negotiable instrument "payable to bearer or endorsed in blank." Ind. Code § 26-1-1-201(5), -201(20)(A).

In this case, Homecomings endorsed the note to Residential Funding Corporation, who endorsed the note to Deutsche Bank as trustee. Appellee's App. p. 120. Likewise, MERS, as nominee for Homecomings, assigned the mortgage to Deutsche Bank, as

11

trustee.  Id. at 121.  Therefore, Deutsche Bank was the holder of the note and the mortgage and produced the original loan documents for inspection at the summary judgment hearing.  Appellee's App. 98-121; Tr. p. 7-8.

### C. Default

As stated above, Deutsche Bank, as trustee, is a holder and entitled to enforce the loan documents, which are contracts and subject to the rules of contract construction.  It is well-established that the interpretation of a contract is a function of the courts, and our standard of review is essentially the same as that applied by the trial court.  Centennial Mortg., Inc. v. Blumenfeld, 745 N.E.2d 268, 273 (Ind. Ct. App. 2001).  Further, contracts will be enforced according to the plain meaning of their terms where such language is unambiguous.  Id. at 273-74.

In this case, the language of the loan documents is unambiguous.  The note requires monthly installments, and the mortgage provides that upon default under the note and thirty-days' notice, the entire indebtedness may be accelerated and the mortgage may be foreclosed.  Appellee's App. p. 112.  It is undisputed that Cottler defaulted under the loan documents by failing to make payments and did not cure the default.  Id. at 96.  Consequently, Deutsche Bank is entitled to enforce the loan documents, including by seeking the foreclosure of the mortgage against the Real Estate.

### D. Mortgage Lien is Superior to the Land Contract

To properly foreclose the mortgage and extinguish the rights of all junior interest holders, Deutsche Bank was required to name as defendants in its foreclosure action all

parties which it knew may assert an interest in the Real Estate. See Citizens State Bank of New Castle v. Countrywide Home Loans, Inc., 949 N.E.2d 1195, 1199 (Ind. 2011) (finding that a junior lienholder who is not made a party to a foreclosure action is not bound by such foreclosure and remains unaffected). Accordingly, Deutsche Bank named Lunsford as a defendant because of his recorded Land Contract. Furthermore, it is the recording of the original mortgage that perfects a lien on the real estate. See Ind. Code §§ 32-21-4-1 to -2.

In the instant case, the mortgage was recorded on August 25, 2005, by the Recorder of Hancock County. Appellee's App. p. 100. Lunsford's Land Contract was recorded on March 8, 2006, which was over six months after the mortgage was recorded and perfected. Appellant's App. p. 55. Consequently, the mortgage is senior in priority to Lunsford's Land Contract. Moreover, because Lunsford was made a party to Deutsche Bank's foreclosure action and given the opportunity to assert his junior interest in the Real Estate, the judgment is conclusive on him. See Mid-West Fed. Sav. Bank v. Kerlin, 672 N.E.2d 82, 85 (Ind. Ct. App. 1996). Thus, we affirm the trial court's order granting Deutsche Bank's motion for summary judgment.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.

13