**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 04 2014, 5:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RACHELE L. CUMMINS**
**JON M. SCHULTE**
Smith Carpenter Fondrisi, & Cummins, LLC
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID J. JURKIEWICZ**
**NATHAN T. DANIELSON**
**CHRISTINA M. BRUNO**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC P. MAINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A04-1309-MF-450 |
| | ) | |
| CITIBANK, NA as TRUSTEE FOR WAMU | ) | |
| SERIES 2007-HE2 TRUST, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
The Honorable Kenneth R. Abbott, Magistrate
Cause No. 10C01-1004-MF-248

**August 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Eric P. Mains appeals from the trial court's order entering summary judgment against him in a mortgage foreclosure action brought against him and Anna V. Mains[1] by Citibank, NA ("Citibank"), as Trustee for WAMU Series 2007-HE2 Trust.

We affirm.

ISSUE

Mains presents the following issue for our review, which we restate as: whether the trial court erred by granting summary judgment to Citibank absent designated evidence that Citibank had standing to enforce the promissory note and to foreclose on the property subject to the mortgage.

FACTS AND PROCEDURAL HISTORY

On December 19, 2006, Eric P. and Anna V. Mains executed a promissory note to Washington Mutual Bank ("WAMU") in the principal sum of $182,400.00, and granted a mortgage in favor of WAMU to secure the payment of the note on property located in Clark County. The mortgage was recorded in Clark County. After WAMU failed, it was taken over by the Federal Deposit Insurance Corporation ("the FDIC"), as receiver. In turn, the FDIC assigned the note and mortgage to JPMorgan Chase Bank, N.A. ("Chase"), on September 25, 2008. Chase subsequently assigned the note to Citibank, which is in actual possession of the original note endorsed in blank.

---

[1] Anna V. Mains signed the promissory note and was named in the foreclosure complaint. Anna did not respond to the complaint and does not participate in this appeal. However, under Indiana Appellate Rule 17(A), "[a] party of record in the trial court or Administrative Agency shall be a party on appeal." Even so, in this opinion we will make reference to Eric P. Mains only.

2

Mains defaulted under the note and mortgage by failing to pay the monthly installments due under the note commencing February 1, 2009, and continuing thereafter. The loan was accelerated, and Citibank filed a complaint against Mains seeking a personal money judgment against him, foreclosure of the mortgage against the real estate, and an order for a sheriff's sale of the real estate.

Mains filed an answer to the complaint, and the settlement conference Mains requested was conducted, but ended unsuccessfully. On February 11, 2013, Citibank moved for summary judgment against Mains and designated evidence in support of its motion. Mains filed a response to the motion objecting to Citibank's motion for summary judgment. A hearing was held on Citibank's motion after which the trial court took the matter under advisement. Ultimately, the trial court granted Citibank's motion for summary judgment and entered an in rem judgment against the real estate and an in personam judgment against Mains for the remaining balance due, costs, and interest. The trial court also entered an order for the foreclosure of the mortgage and for a sheriff's sale of the real estate. Mains's motion to correct error asserting the discovery of new evidence was denied. Mains now appeals.

DISCUSSION AND DECISION

On appeal from a grant or denial of summary judgment, our standard of review is the same standard as used by the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Id*. All facts and reasonable

3

inferences drawn therefrom are construed in favor of the nonmovant. *Id.* "[W]e are not limited to reviewing the trial court's reasons for granting or denying summary judgment but rather may affirm a grant of summary judgment upon any theory supported by the evidence." *Keaton & Keaton v. Keaton*, 842 N.E.2d 816, 821 (Ind. 2006). However, "[w]e must reverse the grant of a summary judgment motion if the record discloses an incorrect application of the law to those facts." *Wagner v. Yates*, 912 N.E.2d 805, 808 (Ind. 2009).

The moving party bears the burden of showing the absence of a factual issue and that it is entitled to judgment as a matter of law. *Norman v. Turkey Run Cmty Sch. Corp.*, 274 Ind. 310, 312, 411 N.E.2d 614, 615 (1980). Once that burden has been met, however, the opposing party cannot rest upon its pleadings; rather, it must present sufficient evidence to demonstrate the existence of a genuine issue of material fact. T.R. 56(E); *Oelling v. Rao*, 593 N.E.2d 189, 190 (Ind. 1992). Furthermore, T.R. 56(H) provides that:

> "[n]o judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court."

Mains challenges the trial court's entry of summary judgment in favor of Citibank contending, alternately, that Citibank failed to establish that it was the real party in interest and that Citibank lacked standing to bring the mortgage foreclosure action. Our Supreme Court has set forth the following explanation of the differences between the concepts of standing and real party in interest as follows:

> The concepts of standing and real party in interest often are understandably—but incorrectly—considered one and the same. . . . Standing is similar to, although not identical with, real party in interest requirements of Trial Rule 17. Standing refers to the question of whether a party has an actual

4

demonstrable injury for purposes of a lawsuit. . . . A real party in interest, on the other hand, is the person who is the true owner of the right sought to be enforced. He or she is the person who is entitled to the fruits of the action.

*Hammes v. Brumley*, 659 N.E.2d 1021, 1029-30 (Ind. 1995) (internal quotations, citations, and emphasis omitted).

The evidence designated to the trial court established that Eric and Anna Mains signed the promissory note with WAMU and granted a mortgage on real estate in Clark County as security for the promissory note. The mortgage was recorded in Clark County. When WAMU failed, it was taken over by the FDIC as receiver. Citibank designated the affidavit of the receiver in charge for the FDIC with respect to WAMU's accounts attesting to the FDIC's statutory authority to assign an asset or liability of WAMU and that Chase had purchased and assumed WAMU's loans and all loan commitments. The note and mortgage were assigned to Chase, and Chase later assigned the mortgage and note to Citibank. Mains defaulted under the note and mortgage by failing to make the monthly installments due under the note commencing February 1, 2009, and continuing thereafter. The loan was accelerated and this action commenced. An affidavit from a Chase employee attesting to and itemizing the amounts due as of November 7, 2012, was also among Citibank's designated materials.

At the hearing on Citibank's motion, counsel for Citibank produced the original promissory note for inspection by Mains and the trial court. The promissory note was made payable to the order of the lender, who was defined as WAMU, and indicated that the lender was permitted to transfer the note. The note provided that anyone who took the

5

promissory note by transfer and is entitled to take payments under the note is defined as the note holder.

Mains, as the non moving party, was required at that point to present sufficient evidence demonstrating the existence of a genuine issue of material fact. Mains did not come forth with evidence, but attacked the sufficiency of Citibank's designated materials. Therefore, Citibank's evidence of its entitlement to enforce the mortgage and note was uncontradicted. The fact that Citibank's role was as Trustee of the WAMU Series 2007-HE2 Trust does not impair its ability to enforce the note. Indeed, Indiana Trial Rule 17(A) explicitly provides that a trustee may sue in his own name. Furthermore, we stated the following in *Lunsford v. Deutsche Bank Trust Co. Americas as Trustee*, 996 N.E.2d 815, 821 (Ind. Ct. App. 2013):

> Indiana has adopted Article 3 of the Uniform Commercial Code (UCC), which governs negotiable instruments, and it is well-established that a promissory note secured by a mortgage is a negotiable instrument. Indeed, mortgage notes were considered negotiable instruments before the adoption of the UCC. Indiana Code section 26-1-3.1-301 provides that a negotiable instrument may be enforced by "the holder of the instrument." The term "holder" includes the person in possession of a negotiable instrument that is payable to "bearer" or a person in possession of a negotiable instrument "payable to bearer or endorsed in blank."

(internal citations omitted).

The trial court correctly concluded as a matter of law that Citibank was entitled to summary judgment.

Mains filed a motion to correct error alleging newly discovered evidence, but did not provide the trial court with new evidence. Instead, Mains presented additional legal

6

argument in an effort to convince the trial court to reverse its decision on summary judgment.

"We review a denial of a request for new trial presented by a Trial Rule 59 motion to correct error or a Rule 60(B) motion for relief from judgment for abuse of discretion." *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008). Furthermore,

> The Indiana Rules of Trial Procedure provide two related procedures for addressing material evidence that remains undiscovered until after trial. Trial Rule 59(A)(1) permits a party to file a motion to correct error to address "[n]ewly discovered material evidence, including alleged jury misconduct, capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial." Similarly, and incorporating the requirements of Trial Rule 59(A)(1), Trial Rule 60(B)(2) permits a party to move for relief on grounds of "newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59."

*Id.* Here, Mains presented additional legal argument, not newly discovered evidence. As such, Mains did not establish that he had evidence discovered since the hearing, that was material and relevant, but not cumulative, nor merely impeaching, was not privileged or incompetent, that due diligence was used to discover it in time for the hearing, that is worthy of credit and can be produced in a new hearing, that will probably produce a different result. *Id.* at 1271. The trial court did not abuse its discretion.

CONCLUSION

In light of the foregoing, we affirm the trial court's decision.

Affirmed.

ROBB, J., and BROWN, J., concur.