## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 10 2017, 5:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Michael Rae
Demotte, Indiana

Amy M. Molson (Rae)
Lake Village, Indiana

ATTORNEYS FOR APPELLEE
VENTURES TRUST 2013-I-NH BY
MCM CAPITAL PARTNERS,
LLC, ITS TRUSTEE

Phillip A. Norman
Jennifer L. Snook
Valparaiso, Indiana

ATTORNEYS FOR APPELLEES
BANK OF AMERICA, N.A., AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

Darren A. Craig
Bryan S. Strawbridge
Frost Brown Todd LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Rae and Amy M. Rae (Molson),

*Appellants,*

v.

Ventures Trust 2013-I-NH by MCM Capital Partners, LLC, Its Trustee, Bank of America, N.A., Franklin American Mortgage Company, and Mortgage Electronic Registration Systems, Inc.,

*Appellees*

July 10, 2017

Court of Appeals Case No. 37A03-1612-PL-2874

Appeal from the Jasper Circuit Court

The Honorable John D. Potter, Judge

Trial Court Cause No. 37C01-1503-PL-236

**Crone, Judge.**

# Case Summary

Michael Rae and Amy M. Rae (Molson) (collectively "the Raes") bring a pro se appeal from the trial court's entry of summary judgment and decree of foreclosure in favor of Ventures Trust 2013-I-NH by MCM Capital Partners, LLC, its trustee ("Ventures Trust"). Finding that no genuine issue of material fact remains and that the judgment of foreclosure is appropriate as a matter of law, we affirm.

# Facts and Procedural History

The designated evidence indicates that in August 2008, the Raes executed a promissory note in favor of Franklin American Mortgage Company in the

amount of $176,102. The note was secured by a mortgage on certain real property located in Jasper County ("the Property"). The mortgage was executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Franklin American, and the mortgage was recorded with the Jasper County Recorder's Office on August 8, 2008. The mortgage was subsequently assigned to Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, and the assignment was recorded with the Jasper County Recorder's Office on June 13, 2012. The mortgage was then assigned to Newbury REO 2013, LLC, and the assignment was recorded with the Jasper County Recorder's Office on September 13, 2013. On August 27, 2015, a corrective assignment of mortgage was recorded with the Jasper County Recorder's Office. The corrective assignment corrected the assignee of the mortgage from Newbury REO to Ventures Trust.

[3] As for the promissory note, the evidence indicates that the original holder of the note, Franklin American, executed an endorsement to the note to Countrywide Bank, FSB. Countrywide Bank then executed an endorsement to the Secretary of Housing and Urban Development of Washington, D.C. and his/her successors and assigns. An allonge to the note was subsequently executed which indicated a transfer of interest in the note to Newbury REO and then to Ventures Trust.

[4] On March 25, 2015, Michael filed a pro se complaint to quiet title to the Property because, in his own words, "he had no idea who owned or had rights

to his [m]ortgage." Appellants' Supp. App. Vol. 3 at 15. He named numerous defendants including Ventures Trust, Bank of America, MERS, Franklin American, Newbury REO, Asset Acceptance, LLC, Viking Funding Group, and Town of Demotte. Newbury REO filed an answer stating that it owned the mortgage and note. On September 8, 2015, after the corrective assignment of mortgage had been recorded indicating that Ventures Trust was the proper assignee of the mortgage, Ventures Trust filed its answer to Michael's complaint and a counterclaim for foreclosure of its mortgage. Ventures Trust asserted its ownership rights to the mortgage and note, naming as counterdefendants the Raes, Bank of America, Asset Acceptance, Viking Funding Group, Capital One Bank (USA), and the State of Indiana, Department of Revenue.

[5]     On October 9, 2015, Bank of America filed a disclaimer of interest as to the Property.[1] Thereafter, on January 4, 2016, without seeking leave of court, Michael filed a "Third-Party Claim of Wrongful Foreclosure" against Bank of America. Bank of America filed a motion to dismiss the third-party claim on January 19, 2016, which was subsequently granted by the trial court.

[6]     In February 2016, Ventures Trust filed its motion for summary judgment and request for decree of foreclosure and designated an affidavit of debt indicating the Raes' mortgage default debt in the amount of $224,848.60. In addition to

---

[1] On October 15, 2015, Ventures Trust filed an "Affidavit in Aid of Title to Correct Scrivener's Error" and recorded the correction with the Jasper County Recorder's Office. The affidavit was to correct a scrivener's error in the notary paragraph of the corrective assignment of mortgage to Ventures Trust.

the pleadings, Ventures Trust designated a copy of the original promissory note signed by the Raes, the allonge, the mortgage, and all assignments thereto.

[7] On November 16, 2016, the trial court granted summary judgment and entered a decree of foreclosure and judgment against the Raes in favor of Ventures Trust. Specifically, the trial court concluded that the designated evidence established that Ventures Trust is the holder and owner of the promissory note and mortgage on the Property, and that Ventures Trust was entitled to foreclose its mortgage as a lien against the Property to satisfy the debt secured by the mortgage. Therefore, the trial court entered judgment against Amy and an in rem judgment against Michael in the sum of $224,848.60, and ordered the Property sold to satisfy the judgment. On December 8, 2016, Amy alone filed a pro se motion to vacate the judgment of foreclosure, which was denied by the trial court on December 14, 2016. Thereafter, the Raes filed a pro se joint notice of appeal, attaching only the trial court's summary judgment order and decree of foreclosure as the appealed order.

## Discussion and Decision

[8] We begin by noting that the Raes represented themselves at the trial level and do so again on appeal. Although individuals have a right to represent themselves in legal proceedings, pro se litigants are held to the same standards as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to

do so. *Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016). We will not become an "'advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Id*. (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied* (2015)*, cert. denied*).[2]

[9] The Raes appeal the trial court's entry of summary judgment in favor of Ventures Trust. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wagner v. Yates*, 912 N.E.2d 805, 808 (Ind. 2009). We review the trial court's grant of a summary judgment de novo, drawing all reasonable inferences in favor of the nonmoving party. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Still, the nonmoving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous. *Id*. Further, "we will affirm the trial court's ruling based on any theory supported by the record evidence." *Markley v. Estate of Markley*, 38 N.E.3d 1003, 1006-07 (Ind. 2015).

---

[2] We note that it is difficult to discern the Raes' precise allegations because of the many deficiencies in their briefs on appeal, especially their failure to comply with Indiana Appellate Rule 46 regarding the arrangement of their briefs, as well as the fact that their briefs are completely devoid of any citations to the appendices. *See generally* Ind. Appellate Rule 46(A) and (C) (entitled Appellant's Brief and Appellant's Reply Brief). Although we do our best here to address the merits of their claims where possible, in some instances our appellate review has been so impeded that waiver of some issues is unavoidable. *See In re Moeder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015) (while failure to comply with appellate rules does not necessarily result in waiver of the issues presented, it is appropriate where noncompliance impedes our review), *trans. denied*.

## Section 1 – The Raes have not met their burden to persuade us that the trial court erred in entering summary judgment and a decree of foreclosure in favor of Ventures Trust.

[10]     Indiana Code Section 32-30-10-3(a) provides, "if a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee or the mortgagee's assign may proceed in the circuit court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage."  To establish a prima facie case that it is entitled to foreclose upon a mortgage, the mortgagee or its assign must enter into evidence the demand note and the mortgage, and must prove the mortgagor's default.  *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 182 (Ind. Ct. App. 2012).  "Once the mortgagee establishes its prima facie case, the burden shifts to the mortgagor to show that the note has been paid in full or to establish any other defenses to the foreclosure."  *Id.*

[11]     Moreover, "Indiana has adopted Article 3 of the Uniform Commercial Code which governs negotiable instruments, and it is well established that a promissory note secured by a mortgage is a negotiable instrument."  *Lunsford v. Deutsche Bank Trust Co. Americas*, 996 N.E.2d 815, 821 (Ind. Ct. App. 2013).  Specifically, Indiana Code Section 26-1-3.1-301 provides that a negotiable instrument may be enforced by "the holder of the instrument."  The term "holder" includes the person in possession of a negotiable instrument that is payable to "bearer" or a person in possession of a negotiable instrument

"payable to bearer or endorsed in blank." Ind. Code § 26-1-1-201(5), -201(20)(A).

[12] Here, Ventures Trust made a prima facie showing that it is the holder of the note and mortgage on the Property and is entitled to a judgment of foreclosure. Ventures Trust produced a certified copy of the original promissory note with the Raes' signatures and the endorsements to that note, including the allonge endorsing the note to Ventures Trust. Ventures Trust further designated copies of the original mortgage documents and the chain of assignment, as well as an affidavit of the Raes' default and debt.

[13] In response, Michael did not dispute that the Raes are in default under the terms of the note and mortgage, nor did he dispute the amount of indebtedness.[3] Rather, he asserted that there is a discrepancy between the copy of the promissory note attached to the complaint of foreclosure and the copy attached to the motion for summary judgment, that the endorsements on the

---

[3] Rather than challenging the fact of their default or the amount of their indebtedness, the Raes simply maintain that the affidavit of debt by affiant Bethany Neel is inadmissible because "it fails to meet T.R. 11(B) because it does not contain (signed under the penalty of perjury) as required by the rule." Appellants' Br. at 14. Indiana Trial Rule 11(B) requires that an affidavit be "verified by affirmation or representation" and provides guidance as to what language may constitute proper verification. *Gary/Chicago Airport Bd. of Auth. v. Maclin*, 772 N.E.2d 463, 472 (Ind. Ct. App. 2002). The Raes acknowledge that strict compliance with Trial Rule 11 is not required, and that the chief test of the sufficiency of an affidavit is its ability to serve as a predicate for a perjury prosecution. *Jordan v. Deery*, 609 N.E.2d 1104, 1110 (Ind. 1993). Indeed, affidavits used for summary judgment purposes "are evidential in nature" and thus they must be subject to the penalties of perjury. *See Tannehill by Podgorski v. Reddy*, 633 N.E.2d 318, 321 (Ind. Ct. App. 1994), *trans. denied*. Accordingly, an affidavit provided in support of a motion for summary judgment must be verified by an oath or affirmation. *Id*. Neel's notarized affidavit provides that the representations contained therein were "affirm[ed] under oath" and "certif[ied]" as "true and correct" "[u]nder the penalties as provided by law." Ventures Trust's App. at 59, 61. We conclude that Neel's affidavit was properly verified by oath or affirmation, and therefore admissible.

second copy are "photoshop[ped]," that his and Amy's signatures on both copies are forgeries, and further that "[t]he chain of mortgage assignments is in dispute because everyone [sic] is faulty or fraudulently endorsed or conveyed in some way." Appellants' Supp. App. Vol. 3. at 20; Summary Judgment Hearing Tr. at 10-11. However, these assertions are not enough to create a genuine issue of material fact.

[14] As far as the discrepancy between the copies of the promissory note, we disagree with the Raes that such discrepancy supports a reasonable inference that Ventures Trust is not the holder of the note and mortgage or that either are the product of "forgery and fraud." Reply Br. at 6. It is undisputed that Ventures Trust produced what the trial court determined was a certified copy of the original promissory note, including the allonge and endorsement to Ventures Trust, for inspection at the time it moved for summary judgment and again at the summary judgment hearing. "There exists no better evidence to establish that [Ventures Trust] is the present holder of the note entitled to enforce the note under Indiana law." *Collins v. HSBC Bank USA, Nat'l Ass'n*, 974 N.E.2d 537, 542 (Ind. Ct. App. 2012). Further, as stated above, Ventures Trust produced evidence of a clear chain of title to the mortgage and its assignments. This evidence was sufficient to establish that Ventures Trust is the holder of the note and mortgage and entitled to enforce the loan documents. *See Lunsford*, 996 N.E.2d at 821.

[15] In considering whether the nonmovant for summary judgment has created a genuine issue of fact, only "[r]ational assertions of fact and reasonable

inferences therefrom are deemed to be true." *Ramon v. Glenroy Constr. Co.,* 609 N.E.2d 1123, 1132 (Ind. Ct. App. 1993), *trans. denied.* We conclude that the Raes' bald assertions of fraud and forgery did not create a genuine issue of material fact for trial. Accordingly, the Raes have not met their burden to persuade us that the trial court erred in entering summary judgment and a decree of foreclosure in favor of Ventures Trust.

## Section 2 – The Raes have waived our review of their challenge to two subsequent trial court orders.

[16] Although the Raes appeal only the trial court's November 16, 2016, entry of summary judgment and decree of foreclosure, they also attempt to challenge the trial court's subsequent orders denying Amy's motion to set aside and granting Bank of America and MERS' motion to dismiss third-party claim. They have waived appellate review of these orders.

[17] Regarding Amy's motion to set aside, as we have already noted, the current appeal addresses only the trial court's entry of summary judgment and decree of foreclosure in favor of Ventures Trust. Neither Amy individually nor the Raes collectively appealed the trial court's order denying Amy's motion to set aside, and the Raes did not designate the court's order denying the motion to set aside as an appealable order in their current notice of appeal. *See* Ind. Appellate Rule 9(F) (requiring that notice of appeal include designation of appealed order or judgment). To make matters worse, it appears that the Raes failed to include a copy of Amy's motion to set aside in the record on appeal. On a motion to set aside, the burden is on the movant to establish sufficient grounds for relief.

*Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Here, we are unable to discern the basis of the motion and we have no idea what credible evidence, if any, Amy presented to the trial court in support of the motion.[4]

[18] It is well settled that the appellant bears the burden of presenting a complete record with respect to the issues raised on appeal. *Shoemaker v. Ind. State Police Dep't*, 62 N.E.3d 1242, 1245 (Ind. Ct. App. 2016), *trans. denied* (2017). Further, pursuant to Indiana Appellate Rule 46(A)(8)(a), the contentions of the appellant on the issues presented "must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on appeal relied on …." The Raes have failed to do both of these things with respect to Amy's motion to set aside. Therefore, the issue is waived. *York v. Fredrick*, 947 N.E.2d 969, 979 (Ind. Ct. App. 2011), *trans. denied.*

[19] Additionally, the Raes briefly mention that the trial court also erred in "dismissing the third-party claims" against Bank of America and MERS. Appellants' Br. at 21. Thus, Bank of America and MERS felt compelled to submit an appellees' brief to address what they believe to be the Raes' waiver of this issue. The record indicates that in January 2016, Michael filed a "Third-Party Claim of Wrongful Foreclosure" against Bank of America alleging, among other things, that Bank of America had prepared "fraudulent and deceptive paperwork" and that the court should "question anything filed or to

---

[4] On appeal, the Raes argue that the trial court lacked personal jurisdiction over Amy due to lack of service of process, and we presume that this is the argument upon which her motion to vacate was premised.

do with Bank of America [or MERS] in the chain of title" to the Property. Bank of America and MERS App. Vol. 2 at 9, 12. Bank of America and MERS filed a motion to dismiss and, on December 9, 2016, the trial court entered an order dismissing Michael's third-party claim for noncompliance with the Indiana Rules of Trial Procedure and for failure to state a claim upon which relief could be granted. The trial court's order of dismissal is not mentioned in the notice of appeal or included in the record on appeal and, other than briefly mentioning the dismissal in their brief, the Raes develop no argument and cite to no authority as to why it was erroneous. Accordingly, we conclude the issue is waived and we decline to address it further. *See York*, 947 N.E.2d at 979. The judgment of the trial court is affirmed.

[20] Affirmed.

Baker, J., and Barnes, J., concur.