

ATTORNEYS FOR APPELLANTS

John R. Hurley
Joanne McAnlis
Michael Mahoney
McAnlis Law Group, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

John D. Cross
Mercer Belanger, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Dunlap and Lauren
Dunlap,

*Appellants-Plaintiffs-Counterclaim
Defendants,*

*v.*

Shirlena Lange,

*Appellee-Defendant-Counterclaim
Plaintiff.*

November 2, 2018

Court of Appeals Case No.
18A-PL-1212

Appeal from the Marion Superior
Court

The Hon. Thomas J. Carroll,
Judge

Trial Court Cause No.
49D06-1607-PL-26355

**Bradford, Judge.**

# Case Summary

In 2016, Shirlena Lange contracted with Brian and Laura Dunlap to purchase their Marion County house, but the sale was never closed. The Dunlaps later sold the house to another buyer and sued Lange for breach of contact. The Dunlaps attached the purchase agreement they and Lange executed ("the Purchase Agreement") to their complaint. The trial court issued a pretrial order in which it required all exhibits to be exchanged one week before trial. The Dunlaps did not exchange the Purchase Agreement as an exhibit. The trial court excluded the Purchase Agreement as a sanction for violating its pretrial order and then entered judgment on the evidence in favor of Lange on the basis that the Dunlaps could not prove their case without the Purchase Agreement. The Dunlaps contend that the trial court improperly excluded the Purchase Agreement. Because we conclude that the Purchase Agreement was deemed admitted into evidence by virtue of its attachment to the Dunlaps' complaint, we reverse and remand for further proceedings.

# Facts and Procedural History

On or about March 7, 2016, Lange entered into the Purchase Agreement with the Dunlaps. On or about April 13, 2016, Lange requested a release from the Purchase Agreement and did not close on the previously-agreed-upon closing date of May 5, 2016. The Dunlaps later sold the house to another buyer and sued Lange for breach of contract on August 17, 2016. The Dunlaps attached the Purchase Agreement to their complaint as Exhibit A. On September 2,

2016, Lange answered the Dunlaps' complaint and counterclaimed for the return of her $1500 earnest money pursuant to the Purchase Agreement. On October 16, 2017, Lange amended her answer. Lange did not deny execution of the Purchase Agreement in either her answer or amended answer.

[3] On August 23, 2017, the trial court issued its pretrial order, in which it required the parties to exchange all proposed trial exhibits seven days before trial or they would be excluded. On December 19, 2017, an entry in the chronological case summary again notified the parties to exchange proposed exhibits prior to trial. The Dunlaps never exchanged exhibits with Lange prior to trial.

[4] On May 2, 2018, a bench trial was held, at the beginning of which the trial court excluded the Dunlaps' proposed exhibits, including the Purchase Agreement. During the Dunlaps' case, Brian testified regarding the agreement with Lange, the circumstances under which Lange backed out of the sale, and that a later sale was made for a lower price. After the Dunlaps rested, Lange moved to dismiss their case pursuant to Indiana Rule of Trial Procedure 41(B) and to dismiss her counterclaim. Lange argued that the Indiana Statute of Frauds requires that any contract for the sale of land be evidenced by a writing, an argument that the trial court accepted, granting Lange's motions and entering judgment in her favor.

# Discussion and Decision

The Dunlaps contend that the trial court erroneously entered a judgment on the evidence against them pursuant to Indiana Rule of Trial Procedure 41(B), which provides, in part, as follows:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief.

In reviewing a motion for involuntary dismissal, this court does not reweigh the evidence or judge the credibility of the witnesses; rather we only consider the evidence most favorable to the verdict and the reasonable inferences therefrom. *Chem. Waste Mgmt. of Ind., L.L.C. v. City of New Haven*, 755 N.E.2d 624, 635 (Ind. Ct. App. 2001). We will reverse the trial court only if the trial court's judgment is clearly erroneous. *TMC Transp., Inc. v. Maslanka*, 744 N.E.2d 1052, 1055 (Ind. Ct. App. 2001), *trans. denied*.

The basis for the trial court's judgment, *i.e.*, that the Dunlaps could not prove their case without the Purchase Agreement being in evidence, relies on the trial court's earlier decision to exclude the Purchase Agreement from evidence. We conclude that this first decision, however, was clearly erroneous. Trial Rule 9.2(B) provides, in part, as follows:

> When a pleading is founded on a written instrument and the instrument or a copy thereof is included in or filed with the pleading, execution of such instrument, indorsement, or assignment shall be deemed to be established and the instrument,

> if otherwise admissible, shall be deemed admitted into evidence in the action without proving its execution unless execution be denied under oath in the responsive pleading or by an affidavit filed therewith.

[8] Here, the Dunlaps' pleading was founded on the Purchase Agreement, which they attached to their complaint and the execution of which Lange has never denied. Consequently, the Purchase Agreement was deemed admitted into evidence by operation of Trial Rule 9.2(B), with no other action by the Dunlaps required. Lange contends (without citation to authority) that the Purchase Agreement was not "otherwise admissible" because the trial court excluded it. The trial court, however, did not actually conclude that the Purchase Agreement was inadmissible pursuant to the Indiana Rules of Evidence, it excluded it as a sanction for the Dunlaps' violation of its pretrial order. The Dunlaps offer no other reason why the Purchase Agreement might not be admissible, and we can think of none. While we do not condone noncompliance with pretrial orders, we conclude that the trial court's stated reason for excluding the Purchase Agreement was not sufficient to avoid operation of Trial Rule 9.2(B). Because the exclusion of the Purchase Agreement was the sole basis for the entry of judgment on the evidence in favor of Lange, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

[9] The judgment of the trial court is reversed and we remand with instructions.

Bailey, J., and Mathias, J., concur.