

**FILED**

Mar 09 2020, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Dustin R. DeNeal
Carl A. Greci
Matthew R. Kinsman
Faegre Drinker Biddle & Reath LLP
Indianapolis, Indiana

I N  T H E

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wells Fargo Bank, N.A., *Appellant-Plaintiff,*<br><br>v.<br><br>Judith A. Hallie, *Appellee-Defendant.* | March 9, 2020<br><br>Court of Appeals Case No. 19A-MF-2183<br><br>Interlocutory Appeal from the Lake Superior Court<br><br>The Honorable Calvin D. Hawkins, Judge<br><br>Trial Court Cause No. 45D02-1307-MF-190 |

**Bailey, Judge.**

# Case Summary

[1] This Court has accepted jurisdiction of the interlocutory appeal by Wells Fargo Bank, N.A. ("Wells Fargo"), to challenge the trial court's sua sponte entry of "judgment on the evidence" in favor of Judith Hallie ("Hallie"), a defendant in a real estate foreclosure action. Wells Fargo presents the consolidated and restated issue of whether the trial court erroneously granted judgment to Hallie, based upon its determination that the sole witness presented by Wells Fargo was incompetent to authenticate the proffered evidentiary exhibits. We reverse and remand for further proceedings.

# Facts and Procedural History

[2] On July 22, 2013, Wells Fargo filed a Complaint to Foreclose Mortgage ("the Complaint"). According to the Complaint, in 2004 Hallie obtained a loan from Washington Mutual Bank FA ("Washington Mutual") and mortgaged property located on St. John Road in Schererville, Indiana ("the Property"); Washington Mutual transferred the loan to Wells Fargo in 2007; and Hallie defaulted on the loan by failing to make payments when due in 2012. Wells Fargo alleged that, as of July 2013, Hallie owed $55,600.50 plus accrued interest, costs, late fees, and attorney's fees.

[3] The Complaint also named as defendants Hallie's three children (Adrianne Wesolowski, Bethany Wesolowski, and Lauren Wesolowski), who had collectively recorded in the Lake County Recorder's Office ("the Recorder") a

mortgage against the Property, in the amount of $75,000.00, and Thomas Schab ("Schab"), the holder of a judgment against Hallie. On August 30, 2013, Schab filed a counterclaim for $1,318.00 and accrued interest.

[4] On August 19, 2019, the trial court conducted a bench trial on the foreclosure complaint. At the outset, Hallie's counsel argued that Wells Fargo was "not the true plaintiff" and it lacked standing to bring a foreclosure action against Hallie with regard to the Property. (Tr., Vol. I, pg. 5.) As to admissibility of evidence, counsel argued:

> We believe that the documentation, whatever evidence that plaintiff intends to produce, will not have sufficient standing insomuch as the plaintiffs are not able to testify to nor do they have personal knowledge of original notes and mortgages that were basically effectuated back in 2004.

*Id.* at 6. Counsel for Wells Fargo responded that Wells Fargo was the holder of, and would produce, the original note, endorsed in blank.[1] Wells Fargo called its sole witness, Joanne Thoma-Ball ("Thoma-Ball") to testify.

[5] Thoma-Ball testified that she had been employed by Washington Mutual, "working defaulted loans," until 2007 and then had worked for Wells Fargo for thirteen years. *Id.* at 8. Her employment as a business initiatives consultant

---

[1] Indiana has adopted Article 3 of the Uniform Commercial Code, which governs negotiable instruments. *Lunsford v. Deutsche Bank Trust Co. Americas*, 996 N.E.2d 815, 821 (Ind. Ct. App. 2013). A promissory note secured by a mortgage is a negotiable instrument. *Id.* Pursuant to Indiana Code Section 26-1-3.1-301, "a person entitled to enforce an instrument" includes "the holder of the instrument."

included responsibility for reviewing loans in default and the related business records. She testified that Wells Fargo owned the mortgage loan for the Property, and she had reviewed Hallie's loan file, payment history, Note, Mortgage, Assignment, demand letter, and collection notes. According to Thoma-Ball, she printed the payment history from Wells Fargo's Mortgage Servicing Platform, the same type of reporting system used by Washington Mutual, but she had not personally made the entries.

[6] Wells Fargo proffered as evidentiary exhibits: the original mortgage, a copy of the mortgage with a certification from the Recorder, a Note endorsed by Washington Mutual, an Assignment of the Mortgage, with a certification from the Recorder, a loan payment history, and a payoff statement. Hallie's counsel objected to the admission of the documents as hearsay lacking an adequate foundation and proof of authenticity. As to the Note in particular, Hallie objected that it had been endorsed in blank and not to Wells Fargo specifically. The trial court excluded the proffered exhibits from evidence, with the exception of the payoff statement.[2] The trial court's commentary indicated that the documents were excluded because Thoma-Ball was not present at the loan closing, lacked first-hand knowledge of transactions, had not personally made data entries, and was simply reading from documents.

---

[2] Thoma-Ball testified that she had access and ability to generate a current payoff statement.

Later that same day, the trial court issued a written interlocutory order, sua sponte disposing of the claim against Hallie:

> The Court, being duly advised in the premises, now finds and orders as follows:
>
> (1) That the Court denied the admission of Plaintiff's Exhibits 1, 2, 3, 5 and 6 into evidence based on the fact that Plaintiff's witness was not competent to testify regarding same.
>
> (2) That the Court sua sponte enters judgment on the evidence in favor of the Defendant, JUDITH A. HALLIE, and against Plaintiff, WELLS FARGO BANK, N.A., and that Plaintiff takes nothing by way of its claim.
>
> (3) That this order is certified for interlocutory appeal.

Appealed Order at 2. On October 18, 2019, this Court entered an order granting Wells Fargo's Motion to Accept Jurisdiction of Interlocutory Appeal.

# Discussion and Decision

At the outset, we observe that Hallie did not file an appellee's brief. "An appellee who does not respond to the appellant's allegations of error on appeal runs a considerable risk of reversal." *Trisler v. Carter*, 996 N.E.2d 354, 356 (Ind. Ct. App. 2013). When the appellee has not filed a brief, we apply a less stringent review, and the appellant need only demonstrate prima facie reversible error to justify a reversal. *Id.* In this context, prima facie error is error at first

sight, on first appearance, or on the face of it. *Gabbard v. Dennis*, 821 N.E.2d 441, 444 (Ind. Ct. App. 2005).

[9] The appealed order states that the trial court intended to "sua sponte enter judgment on the evidence." Appealed Order at 2. Indiana Trial Rule 50(A) provides for judgment on the evidence, that is, a directed verdict, "[w]here all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence." Rule 50(A)(6) permits the entry of such a judgment upon the trial court's own motion. This was not a matter tried to a jury and thus the trial court did not direct a verdict.

[10] Alternatively, Wells Fargo characterizes the judgment order as a "dismissal" pursuant to Indiana Trial Rule 41(B), which provides in pertinent part:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief.

Upon the party's motion, the trial court may then render judgment or decline to do so. *Id.* We review a motion for involuntary dismissal for clear error. *Dunlap v. Lange*, 113 N.E.3d 785, 787 (Ind. Ct. App. 2018). Rule 41(B) does not incorporate a provision for sua sponte action by the trial court, as does Rule 50. Accordingly, the trial court's entry in this matter is not a judgment consistent with Indiana's rules of procedure. We cannot affirm the purported "judgment

on the evidence." We will address the basis for the judgment to the extent it is likely to recur on remand.

[11] The trial court stated that its action was predicated upon its finding Thoma-Ball to be incompetent as a sponsoring witness for the documents proffered by Wells Fargo. There appears to have been no direct challenge to Thoma-Ball's competency to testify. Rather, the trial court was apparently convinced that Thoma-Ball could not testify concerning any document generated in her absence. Moreover, the trial court did not directly address Wells Fargo's contention that some documents, such as certified public records, were self-authenticating. Absent admission of the relevant documents (other than the payoff statement), Wells Fargo could not support its foreclosure claim against Hallie. We thus address the propriety of the near-blanket exclusion of exhibits.

[12] The admission or exclusion of evidence is a matter within the sound discretion of the trial court. *Rolland v. State*, 851 N.E.2d 1042, 1045 (Ind. Ct. App. 2006). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[13] At trial, Hallie objected that the excluded documents were unauthenticated hearsay. Evidence Rule 801 defines hearsay as a statement that "is not made by the declarant while testifying at the trial or hearing; and is offered in evidence to prove the truth of the matter asserted." In general, hearsay is not admissible unless it falls within one of the hearsay exceptions or other law provides for its admissibility. Ind. Evidence Rule 802. The hearsay exceptions reflect the

concern that hearsay evidence be admitted only when the proponent of the evidence can demonstrate that the evidence bears the necessary indicia of reliability. *Speybroeck v. State*, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007).

[14] Upon remand, Wells Fargo may renew its assertion that some or all of its exhibits are not hearsay or fall within an exception to the hearsay rule. For example, Evidence Rule 803(6) concerns records of a regularly conducted activity, providing that such records are not excluded by the rule against hearsay if:

> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D)   all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

[15] To admit business records pursuant to Rule 803(6), the proponent of the exhibit must authenticate it. *Speybroeck*, 875 N.E.2d at 819. Evidence Rule 901(a)

provides: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

[16] Evidence Rule 902 provides that some items of evidence are self-authenticating, that is, "they require no extrinsic evidence of authenticity in order to be admitted." As relevant here, among the self-authenticating documents listed in Rule 902 are a copy of an official record or document recorded or filed in a public office as authorized by law, if the copy is certified in compliance with law, and commercial paper, to the extent allowed by general commercial law. *See id*. at (4), (9). Self-authentication does not guarantee admissibility; rather, it relieves the proponent from providing foundational testimony. *Speybroeck*, 875 N.E.2d at 819. Evidence will be excluded if the source of information contained in the record or the circumstances of its preparation indicate a lack of trustworthiness. *Id.*

[17] On remand, Wells Fargo should be afforded the opportunity to offer exhibits eligible for self-authentication. Additionally, Wells Fargo should not be precluded from eliciting foundational testimony from a witness on grounds that the witness was not present at the time a document was created. The proponent of the business record exhibit may authenticate it by calling a witness "who has a functional understanding of the record keeping process of the business with respect to the specific entry, transaction, or declaration contained in the document." *Rolland*, 851 N.E.2d at 1045. The witness must have "personal knowledge of the matters set forth in the document." *Speybroeck*, 875

N.E.2d at 821. However, "[t]he witness need not have personally made or filed the record or have firsthand knowledge of the transaction represented by it in order to sponsor the exhibit." *Rolland*, 851 N.E.2d at 1045. But the trial court imposed precisely this requirement here. The court abused its discretion in doing so and should not impose the requirement upon remand.

# Conclusion

[18] Wells Fargo has shown prima facie reversible error in the trial court's purported entry of a "judgment on the evidence." On remand, Wells Fargo should be permitted to proffer exhibits consistent with the Indiana Rules of Evidence, without a heightened personal knowledge requirement.

[19] Reversed and remanded.

Kirsch, J., and Mathias, J., concur.